[This opinion has been published in *Ohio Official Reports* at 76 Ohio St.3d 143.]

[THE STATE EX REL.] LEIGH, APPELLANT, *v*. STATE EMPLOYMENT RELATIONS BOARD, APPELLEE.

[Cite as *State ex rel. Leigh v. State Emp. Relations Bd.*, 1996-Ohio-416.]

*Mandamus to compel State Employment Relations Board to properly investigate dismissed unfair labor practice charge, issue a complaint finding probable cause to believe that an unfair labor practice was committed, and hold a hearing on the charge—Writ denied, when.*

(No. 95-2423—Submitted May 21, 1996—Decided July 24, 1996.)

APPEAL from the Court of Appeals for Franklin County, No. 95APD07-931.

_____

{¶ 1} The Ohio Department of Administrative Services ("ODAS") employed appellant, Larry G. Leigh, as a custodian. In June 1991, Leigh was laid off due to lack of work. In August 1991, the union, through its local president, Leonard T. Woods, initiated a grievance on behalf of Leigh and other displaced workers. The grievance was submitted to arbitration in August 1993. In April 1994, the union informed Leigh of an unfavorable arbitration decision. According to Leigh, he did not receive a copy of the arbitration decision until June 3, 1994.

{¶ 2} On June 13, 1994, Leigh filed unfair labor practice charges against ODAS and the union. Leigh claimed, *inter alia*, that (1) ODAS had laid him off in 1991 "in violation of its contractual obligations" and (2) ODAS had acted in concert with the union to deny his right to fair representation on his grievance. Leigh alleged that Woods, who had represented him in the grievance process, was actually a supervisor who was exempt from his bargaining unit.

{¶ 3} Anton J. Naess, a labor relations specialist for appellee, State Employment Relations Board ("SERB"), conducted an investigation of Leigh's charges and prepared a memorandum for SERB that recommended dismissal of the

charges based on a lack of probable cause to believe that any unfair labor practice had been committed. Naess concluded that information supplied by the union indicated that Woods was a bargaining unit member at all pertinent times, although there was a brief period of time prior to the grievance when Woods served in a supervisory capacity.

{¶ 4} In November 1994, SERB dismissed the unfair labor practice charge that pertained to ODAS for the following reasons:

"Pursuant to Ohio Revised Code Section 4117.12, the Board conducted an investigation of this charge. The investigation reveals that there is no probable cause to believe that [ODAS] has violated Ohio Revised Code Section 4117.11. Many of the events giving rise to this case occurred more than ninety (90) days prior to the filing of the charge. Additionally, the information gathered during the investigation failed to establish the probability of any unlawful motivation or conduct behind the manner in which [ODAS] addressed [Leigh's] concerns. Accordingly, the charge is dismissed."

{¶ 5} Leigh then instituted an action in the Court of Appeals for Franklin County for a writ of mandamus to compel SERB to properly investigate the dismissed unfair labor practice charge, issue a complaint finding probable cause to believe that an unfair labor practice was committed, and hold a hearing on the charge. The court of appeals granted SERB's motion for summary judgment and denied the writ.

{¶ 6} The cause is now before this court upon an appeal as of right.

_____

*Renny J. Tyson Co., L.P.A.,* and *Renny J. Tyson*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Daniel P. Jones*, Assistant Attorney General, for appellee.

_____

***Per Curiam.***

**{¶ 7}** Leigh asserts in his sole proposition of law that the court of appeals erred in entering summary judgment, where there was sufficient evidence to raise a genuine issue of material fact whether SERB had abused its discretion in failing to properly investigate the unfair labor practice charge against ODAS.

**{¶ 8}** Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

**{¶ 9}** R.C. 4117.12(B) provides that "[w]hen anyone files a charge with the board alleging that an unfair labor practice has been committed, the board or its designated agent shall investigate the charge. If the board has probable cause for believing that a violation has occurred, the board shall issue a complaint and shall conduct a hearing concerning the charge. *** "

**{¶ 10}** Probable cause determinations by SERB under R.C. 4117.12(B) are not reviewable by direct appeal. *Ohio Assn. of Pub. School Emp., Chapter 643, AFSCME, AFL-CIO v. Dayton City School Dist. Bd. of Edn.* (1991), 59 Ohio St.3d 159, 572 N.E.2d 80, syllabus. However, mandamus is an appropriate remedy where no statutory right of appeal is available to correct an abuse of discretion by SERB. *State ex rel. Glass, Molders, Pottery, Plastics & Allied Workers Internatl. Union, Local 333, AFL-CIO, CLC v. State Emp. Relations Bd.* (1993), 66 Ohio St.3d 157, 159, 609 N.E.2d 1266, 1267. A writ of mandamus will issue to correct an abuse of discretion by SERB to dismiss unfair labor practice charges. *State ex rel. Ohio Assn. of Pub. School Emp./AFSCME, AFL-CIO v. State Emp. Relations Bd.* (1992),

64 Ohio St.3d 149, 151-152, 593 N.E.2d 288, 290-291. An abuse of discretion implies an attitude that is unreasonable, arbitrary, or unconscionable. *State ex rel. Brenders v. Hall* (1995), 71 Ohio St.3d 632, 637, 646 N.E.2d 822, 826.

{¶ 11} Therefore, in order to be entitled to the requested writ of mandamus compelling SERB to investigate the unfair labor practice charge, issue a complaint, and hold a hearing, Leigh must establish that SERB abused its discretion in dismissing the unfair labor practice charge.

{¶ 12} Leigh alleged that ODAS committed an unfair labor practice by laying him off in 1991 in violation of "contractual obligations." Under R.C. 4117.12(B), "[t]he board may not issue a notice of hearing based upon any unfair labor practice occurring more than ninety days prior to the filing of the charge with the board ***." The 1991 layoff was well over ninety days prior to his 1994 filing of the charge with SERB. The uncontroverted evidence thus establishes that SERB did not abuse its discretion in dismissing this claim based on untimeliness. Unlike *State ex rel. Ohio Assn. of Pub. School Emp./AFSCME, AFL-CIO v. State Emp. Relations Bd.* (1992), 64 Ohio St.3d 149, 152-153, 593 N.E.2d 288, 291, there is no genuine controversy as to when the alleged unfair labor practice occurred so as to require a limited writ of mandamus to compel SERB to investigate the timeliness issue and provide some explanation setting forth its rationale.

{¶ 13} Leigh further alleged that ODAS committed an unfair labor practice by acting in concert with the union to deprive him of fair representation in the grievance and arbitration procedure. SERB determined that based on its investigation, there was no probable cause to believe that there had been any unlawful conduct or motivation in the manner in which ODAS addressed Leigh's concerns.

{¶ 14} Leigh claims that SERB was not entitled to summary judgment on the foregoing charge because the evidence indicated that his union representative, Woods, was acting as a supervisor during the periods relevant to Leigh's grievance

and arbitration. The summary judgment evidence indicates that Woods served in a supervisory capacity for ten months in 1990, prior to the events which are the subject of Leigh's charge. Woods filed a grievance in 1992 in which he alleged that although he was classified as an "Air Quality Technician I," he was performing duties outside his classification, including duties that were supervisory in nature. Woods asked to be reclassified as an "Air Quality Technician II." An arbitrator granted Woods's grievance. Both Air Quality Technicians I and II are within the bargaining unit. Leigh filed an affidavit in which he stated that Woods continued to fulfill supervisory duties when he represented Leigh on his grievance concerning the layoff and that Leigh did not believe that the grievance could have been fairly presented by Woods because of Woods's connection with management as a supervisory employee.

{¶ 15} Although the foregoing indicates that Leigh's union representative may have performed certain supervisory duties, Woods was still classified as being within the bargaining unit. Woods was not an exempt supervisory employee. In addition, the mere fact that Woods performed certain supervisory duties did not raise a genuine issue of material fact as to whether Woods acted in concert with management in depriving Leigh of his right to fair representation during the grievance and arbitration procedure. SERB did not abuse its broad discretion in dismissing Leigh's charge based on lack of probable cause.

{¶ 16} As the movant for summary judgment, SERB had the initial burden of demonstrating, with Civ.R. 56(C) evidentiary materials, that there were no genuine issues of material fact concerning whether SERB abused its discretion in dismissing Leigh's unfair labor practice charge. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264, 273, limiting *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus; see, also, *Stewart v. B.F. Goodrich Co.* (1993), 89 Ohio App.3d 35, 40-41, 623

N.E.2d 591, 594-595, detailing the problems encountered by appellate courts in interpreting paragraph three of the *Wing* syllabus.

{¶ 17} SERB supported its motion for summary judgment with Civ.R. 56(C) summary judgment evidence. That evidence established that SERB conducted a thorough investigation and that SERB did not abuse its broad discretion in dismissing Leigh's unfair labor practice charge. Leigh failed to introduce summary judgment evidence setting forth specific facts showing that any genuine issue of material fact remained. See *Dresher, supra*, 75 Ohio St.3d at 293, 662 N.E.2d at 273, quoting Civ.R. 56(E). As the court of appeals concluded, "[t]he evidentiary material before the court does not demonstrate a genuine issue of material fact as to the quality of the investigation done by SERB or the correctness of the decision to dismiss the unfair labor practice charges filed by Mr. Leigh."

{¶ 18} The court of appeals properly granted summary judgment in favor of SERB and denied the requested extraordinary relief in mandamus. Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.

———————————