CZERWONKO, Appellant,

v.

SAHARA MOBILE HOME PARK & SALES, INC., Appellee.

[Cite as *Czerwonko v. Sahara Mobile Home Park*
*& Sales, Inc.* (2000), 137 Ohio App.3d 266.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 98–L–255.

Decided April 3, 2000.

*Marley Ford Eiger* and *Clare I. McGuinness,* for appellant.

*Charles G. Deeb,* for appellee.

WILLIAM M. O'NEILL, Judge.

Appellant, Chester Czerwonko, appeals a decision of the Painesville Municipal Court granting summary judgment in favor of appellee, Sahara Mobile Home Park & Sales, Inc. ("Sahara"), in a case involving the effect of a new park rule instituted by appellee in its mobile home park in Madison, Ohio. The following facts are relevant to a determination of this appeal.

Appellant has been a tenant in Sahara since 1973, and currently lives in his 1974 model manufactured home at this location. Some time during 1997, Sahara's management promulgated a new rule, known as Rule 51, which had an effective date of November 1, 1997. It provided that any home that was twenty-one years old or older would have to be removed from Sahara by its owner if the owner sold the home or if the owner moved out of the home.

In 1997, appellant attempted to sell his manufactured home. He listed the residence with a real estate agent, Sherry Turk. Turk appraised appellant's home on its site at $15,000. A prospective purchaser was located, but the offer was withdrawn when the purchaser learned about Rule 51. A second prospective buyer was located who was aware of Rule 51, but who also rescinded his offer when he was unable to locate a mobile home community that would accept a used manufactured home. Turk was convinced that appellant's manufactured home was readily saleable for its full value if only the buyer could keep the home where it was in Sahara's community.

As a result of appellant's inability to sell his home after the enactment of Rule 51, appellant filed a complaint in the Painesville Municipal Court against Sahara. Appellant sought declaratory relief in addition to money damages, claiming that Rule 51 interfered with his ability to sell his home and, additionally, that it violated R.C. 3733.11(C) and (H). On September 24, 1998, Sahara filed a motion

to dismiss and/or for summary judgment. Appellant then filed an amended complaint and, subsequently, a brief opposing appellee's motion to dismiss. On November 9, 1998, the trial court granted Sahara's motion for summary judgment.

Appellant timely filed a notice of appeal, and has now set forth the following assignment of error:

"The trial court erred in granting summary judgment to the defendant mobile home park operator and dismissing the plaintiff mobile home park resident's complaint for declaratory judgment and damages pursuant to R.C. 3733.11(I) when the evidence, construed most strongly in favor of the non-moving party, established that the park's rule requiring removal from the park of manufactured homes 21 years of age and older upon sale of same, on its face, violated R.C. 3733.11(H), and, as applied to plaintiff, deprived him of rights guaranteed mobile home owners by Ohio's Manufactured Home Act."

In his sole assignment of error, appellant contends that the trial court erred in granting summary judgment in favor of Sahara. Specifically, appellant argues that Rule 51 violates R.C. 3733.11(C) and (H) and, therefore, is unenforceable. R.C. 3733.11(C) provides:

"A park operator shall promulgate rules governing the rental or occupancy of a lot in the manufactured home park. The rules shall not be unreasonable, arbitrary, or capricious."

R.C. 3733.11(H) states:

"No park operator shall:

"(1) Deny any owner the right to sell the owner's manufactured home within the manufactured home park if the owner gives the park operator ten days' notice of the intention to sell the home;

"(2) Require the owner to remove the home from the manufactured home park solely on the basis of the sale of the home;

"(3) Unreasonably refuse to enter into a rental agreement with a purchaser of a home located within the operator's manufactured home park."

As this court has previously stated, in a summary judgment exercise, the movant bears the responsibility of establishing that there is the absence of a genuine issue of material fact, and that the movant is entitled to judgment as a matter of law. *State Auto. Ins. Cos. v. Manning* (Aug. 29, 1997), Geauga App. No. 96–G–2000, unreported, at 3, 1997 WL 531234. If the movant fails to meet this burden, summary judgment must be denied. *Id.*, citing *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264, 273–274. If the movant is successful, the burden shifts to the nonmoving party to demonstrate that a jury

question, in fact, exists. *Manning*, citing *State ex rel. Mayes v. Holman* (1996), 76 Ohio St.3d 147, 148, 666 N.E.2d 1132, 1133–1134. If the nonmoving party fails to demonstrate that a triable issue exists, summary judgment should be granted. *Manning* at 3–4, citing *State ex rel. Leigh v. State Emp. Relations Bd.* (1996), 76 Ohio St.3d 143, 146, 666 N.E.2d 1128, 1131–1132.

First, we will examine the provisions of R.C. 3733.11(H) to determine whether they conflict with Rule 51. Subsection (1) prohibits a park operator from denying an owner the right to sell the owner's manufactured home within the park as long as the owner gives the park operator ten days' notice. This subsection does not present a conflict with Rule 51. Subsection (2) prohibits a park operator from requiring an owner to remove the home from the park *solely* on the basis of the sale of the home. As appellee points out, this subsection does not conflict with Rule 51 since the latter adds the limitation that the home must be at least twenty-one years old. Thus, the removal of the home is not based *solely* on the sale of the home. Hence, subsection (2) does not conflict with Rule 51.

Subsection (3) prohibits a park operator from unreasonably refusing to enter into a rental agreement with a purchaser of a home located within the manufactured home park. Pursuant to Rule 51, when a buyer purchases an existing home at Sahara that is at least twenty-one years old, management will refuse to enter into a rental agreement with the new owner. Instead, the new owner would be forced to move the home out of the park. Thus, the key question is whether it is unreasonable for Sahara to refuse to enter into a rental agreement with a new owner merely because the manufactured home is at least twenty-one years old. This question is similar to the one raised by R.C. 3733.11(C), namely, is Rule 51 unreasonable, arbitrary, or capricious? We must answer both of these questions in the affirmative.

The promulgation of Rule 51 is clearly unreasonable, arbitrary, and capricious. In the present case, the testimony of the realtor established that appellant's home was structurally sound, well-maintained, attractive, and in better condition than many younger manufactured homes in the park. A review of the photographs that were admitted into evidence appear to confirm the realtor's evaluation. While appellee's concerns, which include the aesthetics of the mobile home park, as well as its safety, are legitimate, there are clearly less intrusive ways of achieving the same result. Homes could be made subject to periodic inspection or evaluation to insure that the home meets certain standards. A blanket rule that sets an arbitrary age of twenty-one years does not necessarily achieve the desired result. Some homes younger than that may become unsafe eyesores, while other homes may have useful lives well beyond that age.

A similar case was recently decided by this court, *White v. Superior Mobile Homes, Inc.* (Dec. 10, 1999), Trumbull App. No. 98–T–0011, unreported, 1999 WL

1320188. In that case, this court struck down a mobile home park rule similar to Rule 51, which required that a mobile home over twenty years of age be removed from the park at the time of any change of ownership. Additionally, the park would not enter into a rental agreement for a home over twenty years old when it was purchased by a new party. We concluded that the park rule in question violated R.C. 3733.11(C) and 3733.11(H)(3). Our conclusion in that case supports our determination in this case that Rule 51 is contrary to Ohio law.

Accordingly, the trial court erred in granting summary judgment in favor of Sahara. Appellant's sole assignment of error is sustained. The judgment of the trial court is reversed and the matter remanded for further proceedings consistent with this opinion. The trial court should enter judgment in favor of appellant on his declaratory judgment action, and then proceed to the issue of damages.

*Judgment reversed*
*and cause remanded.*

FORD, P.J., and NADER, J., concur.