DECISION AND JUDGMENT ENTRY
This case is on appeal from the September 24, 1999 judgment of the Lucas County Court of Common Pleas, which granted the summary judgment motion filed by appellee, Jeep Eagle Corporation, and dismissed the appeal of appellant, Thomas E. Murin, from a decision of the Industrial Commission of Ohio. On appeal, appellant asserts the following sole assignment of error:
 "ASSIGNMENT OF ERROR NO. I THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN RENDERING THE SUMMARY JUDGMENT OF SEPTEMBER 24, 1999 BECAUSE:
 "A. THE AFFIDAVITS OF MY MURIN, ATTORNEY RUST, AND DR. BHATT, ALL FILED ON JULY 8, 1999 IN THIS ACTION, MADE A PRIMA FACIE CASE TAHT [SIC] THE PAIN DISABILITY, AND STRESS CAUSED FROM MR. MURIN'S RIGHT HAND INJURY SUSTAINED AT JEEP IN 1978, OR 1979, AND THE FINANCIAL HARDSHIPS DIRECTLY CAUSED BY SAID HAND INJURY, AND THE STRESS CAUSED MR. MURIN BY THE WAY THAT JEEP AND HIS UNION TREATED HIM AFTER THE SAID RIGHT HAND INJURY, ALL EVIDENCED, ADN [SIC] PROVED THAT HIS HEART ATTACK OF SEPTEMBER, 1993, INCLUDING THE `INFERIOR WALL MYOCARDIAL INFARCTION, HEART ATTACK, ADN [SIC] TRIPLE CORONARY ARTERY BYPASS' WERE PROXIMATELY CAUSED, BY HIS JOB AND JOB RELATED CONDITIONS, SO THAT THE SAME WERE RECEIVED IN THE COURSE OF, AND AROSE OUT OF MR. MURIN'S EMPLOYMENT AT JEEP AND HIS HAND INJURY OF 1978, 1979;
 "B. THE COURT PREJUDICIALLY ERRED IN NOT GIVING PLAINTIFF MURIN AND HIS COUNSEL MORE TIME TO SECURE IN 1999 THE RELEVANT MEDICAL RECORDS OF MR. MURIN, AS MR. MURIN WAS WILING TO, AND DID SUPPLY, WRITTEN MEDICAL AUTHORIZATIONS TO SECURE REQUESTED MEDICAL RECORDS OF MR. MURIN, AS PLAINTIFF ADN [SIC] HIS COUNSEL WERE READY SO TO DO, AND PLAINTIFF SHOULD HAVE BEEN GIVEN THUS MORE TIME TO TAKE THE DEPOSITION OF DR. NARESH BHATT; AND TO SECURE ALL THE RELEBANT [SIC] MEDICAL AND HOSPITAL RECORDS, AS MR. MURIN SINCE HIS INJURY HAS BEEN PRACTICALLY AND REALISTICALLY INDIGENT: AND SUCH AN EXTENTION [SIC] WOULD NOT UNDULY HAVE DELAYED THIS CASE, AS IT COULD ALL HAVE BEEN DONE IN A MONTH AS MOVED, OR AT THE LONGEST, BEFORE THE CASE WAS ONE YEAR OLD; AND SUCH WAS CALLED FOR, BY JUSTICE."
Appellant appealed to the Lucas County Court of Common Pleas from the Industrial Commission of Ohio's denial of his claim for a residual condition. Appellant injured his right thumb while working for Jeep Eagle Corporation in 1978 ("closed crush injury — right thumb; small fracture at ulnar aspect approximal phlanx base"). In February 1996, appellant filed a claim for a residual condition ("inferior wall myocardial infarction, a heart attack in September 1993, and a triple coronary artery bypass"). Appellant asserts that his treatment after his 1978 injury and the consequences of the injury itself caused undue stress which resulted in his heart problems. This claim was denied by the Industrial Commission. Appellant's first appeal to the Lucas County Court of Common Pleas was dismissed in January 1998, without prejudice, after he was unable to secure the medical information needed to defeat a motion for summary judgment. The appeal was refiled in 1999.
Jeep Eagle Corporation again filed for summary judgment asserting that the claim was barred by the two-year statute of limitations and that there is no evidence that there is a proximate causal relationship between the claimed injury and the 1978 injury. Attached to their memorandum in support of the motion is the affidavit of Gordon M. Todd, M.D., who reviewed the certain medical document regarding appellant and concluded that, to a reasonable degree of medical certainty, appellant's heart attack in 1993 was not medically related to his 1978 injury.
Appellant filed a partial response to the motion for summary judgment arguing that the statute of limitations did not apply to his claim pursuant to Specht v. B.P. America, Inc.
(1999), 86 Ohio St.3d 29, at the syllabus. Appellant also sought additional time to obtain the necessary medical documentation to support his claim. However, he did attach copies of the affidavits supplied in the prior case. One affidavit was that of Naresh Bhatt, M.D., appellant's treating physician, who attested (based upon the history supplied by appellant, Bhatt's findings, and the medical records) to his conclusions that, to a reasonable degree of medical certainty, that the 1978 injury proximately caused the heart attack in 1993 substantially sooner than it would have had he not been injured in 1978. This affidavit, however, was never notarized and contains some blanks that were never completed. A partial copy of the affidavit of appellant was also included.
On appeal, appellant first asserts that the trial court erred by granting summary judgment to appellee.
An appellate court reviews summary judgment based upon the same standards as the trial court. Smiddy v. The WeddingParty, Inc. (1987), 30 Ohio St.3d 35, 36, and Lorain Natl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. Therefore, we must determine if the requirements of Civ.R. 56(C) have been met. Under the rule, summary judgment is appropriate if the following matters have been established: "(1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64, 66. See, also, Welco Industries, Inc.v. Applied Cos. (1993), 67 Ohio St.3d 344, 346.
The moving party bears the initial burden of identifying for the court those portions of the record which demonstrate that there is no genuine issue of material fact as to essential elements of the nonmoving party's claim. State ex rel. Leigh v.State Emp. Relations Bd. (1996), 76 Ohio St.3d 143, 146. Then, the nonmoving party must produce evidence showing that there is a genuine issue for trial. Id. and Vahila v. Hall (1997), 77 Ohio St.3d 421,429. If the non-moving party fails to submit any counter-evidence, the court must accept the moving party's evidence as true and construe the evidence in the non-moving party's favor. Stemen v. Shibley (1982), 11 Ohio App.3d 263, 269.
In this case, appellee presented an affidavit by a physician who attested that there is no connection between appellant's prior injury and his heart attack. Appellant did not present a proper opposing affidavit. The "affidavit" of Dr. Bhat was not notarized. A Civ.R. 56(C) affidavit is "a written declaration under oath, made without notice to the adverse party. * * *" R.C. 2319.02. Therefore, the court will not consider an affidavit that was not notarized as evidence when determining whether summary judgment should be granted. Benedict v. Peters
(1898), 58 Ohio St. 527, 536-537, and Humphrey v. Ohio WaterParks, Inc. (1994), 97 Ohio App.3d 403, 404-405. While the trial court did not specifically state that it was disregarding the Bhatt affidavit for this reason, its grant of summary judgment was only possible if it did so.
Therefore, having failed to support his claim of residual condition, the court properly concluded that appellee was entitled to summary judgment.
The only remaining issue is whether appellant's motion for an extension of time should have been granted. Summary judgment should only be granted after "* * * the nonmoving party has had an adequate time for discovery, * * *" Youngerman v. Meijer,Inc. (Sept. 20, 1996), Montgomery App. No. 15732, 1996 Ohio App. LEXIS 4046, unreported. Civ.R. 56(f) provides that the court may grant a continuance to permit further discovery so that the opposing party may present affidavits to oppose the motion for summary judgment. The use of the word "may" makes this a discretionary determination. Brockman v. Bell (1992), 78 Ohio App.3d 508,517-518. See, also, dicta in Mauzy v. Kelly Services,Inc. (1996), 75 Ohio St.3d 578, 591. On appeal, the trial court's decision will not be overturned absent a showing that the trial court abused its discretion.
This case was originally dismissed in 1998 and refiled one year later. At the time of the dismissal, appellant needed additional time to gather evidence to defeat a motion for summary judgment. Then, on July 8, 1999, appellant sought an extension of time to obtain evidence to support his claim even though the time for filing an opposing memorandum had already passed. However, the trial court granted the motion and gave appellant until August 13, 1999 to file his memorandum in opposition. On August 18, 1999, appellant filed a partial motion for summary judgment and again requested an extension to obtain further discovery. The court denied this request for additional time. In light of the facts presented in this case, we find that appellant has failed to establish that the trial court abused its discretion by denying his second request for a continuance.
Appellant's sole assignment of error is not well-taken. Having found that the trial court did not commit error prejudicial to appellant, the judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is hereby ordered to pay the court costs incurred on appeal.
Richard W. Knepper, P.J., Mark L. Pietrykowski, J., JUDGES CONCUR.