OPINION
Appellants, Connie Eves, administratrix for the estate of Gary E. Eves, and Connie Eves, individually, as former wife of the decedent, Gary E. Eves ("Eves"), have appealed a decision of the Trumbull County Court of Common Pleas granting summary judgment in favor of appellee, Stevens Painton Corporation ("Stevens"), in an intentional tort action. The following facts are relevant to a determination of this appeal.
On June 12, 1993, Eves, as an employee of Stevens, was part of a four-man crew hired to move a fifty-ton stamping press at a facility owned by Bliss Manufacturing Company ("Bliss") in Newton Falls, Ohio. The crew began work at approximately 7:00 a.m. The crew used a lift system to move the press. The lift system consisted of four jack stands, two tracks, and three beams, and took approximately three hours to assemble on site. The stamping press was then lifted, raised to a vertical position, and moved over a pit where it was lowered onto its legs. This was a slow process, taking a number of hours to complete, but was completed without incident.
Once the stamping press was lowered into place in the pit, it became apparent that the feet of the press were slightly larger than the pockets which had been made to accept the feet. In order to allow proper clearance, Eves had to burn away a piece of angle iron and chip away some of the concrete to allow the press to fit properly in the pit. After the modifications were made, the press was again lowered into the pit. That process was completed at approximately 4:00 p.m.
An inspection of the press in the pit was made which revealed that one of the legs was approximately 1/4 inch to 3/8 inch higher than the others due to some debris on the ground. A supervisor employed by Bliss made the decision that the press would have to be lifted several inches so that an air hose could be used to blow out the debris causing the imbalance.
Each of the four hydraulic cylinders had its own control lever. One of Eves' coworkers activated all four cylinders simultaneously so as to raise the press a few inches. Unfortunately, the cylinders did not all raise at the same rate and, in a matter of seconds, the center beam slid off the side of the lift apparatus killing both Eves and a Bliss employee who were standing and watching the maneuver.
On November 8, 1993, appellants filed an intentional tort claim in the Trumbull County Court of Common Pleas against Stevens and Bliss. On March 16, 1995, the trial court granted summary judgment in favor of Stevens, but the case continued against Bliss. Subsequently, appellants filed a motion to reconsider the decision of the trial court to grant summary judgment in favor of Stevens. On September 28, 1998, appellants settled their case with Bliss and the trial court entered judgment dismissing the case subject to approval from the probate court. Then, on November 13, 1998, the trial court overruled appellants' motion to reconsider. A final judgment dismissing the cause of action against Bliss was entered on December 14, 1999.
Appellants timely filed a notice of appeal and have now set forth a single assignment of error. Appellants contend that the trial court erred in granting summary judgment in favor of Stevens on the intentional tort claim. Specifically, appellants assert that there was credible evidence that Stevens required Eves, as part of his job, to aid in the installation of a fifty-ton press by using a lift system without the use of a leveling device as required by the manufacturer of the lift system.
Civ.R. 56(C) provides, in relevant part:
 "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."
 As this court has previously stated, in a summary judgment exercise, the movant bears the responsibility of establishing that there is the absence of a genuine issue of material fact, and that the movant is entitled to judgment as a matter of law. State Automobile Ins. Cos. v. Manning (Aug. 8, 1997), Geauga App. No. 96-G-2000, unreported, at 3. If the movant fails to meet this initial burden, summary judgment must be denied. Id., citing Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. If the movant is successful, the reciprocal burden shifts to the non-moving party to demonstrate that a jury question, in fact, exists. Id., citing State ex rel. Mayes v. Holman
(1996), 76 Ohio St.3d 147, 148. If the non-moving party fails to demonstrate that a triable issue exists, summary judgment should be granted. Id. at 3-4, citing State ex rel. Leigh v. SERB (1996), 76 Ohio St.3d 143, 146.
The standard for proving an employer intentional tort was set forth by the Supreme Court of Ohio in Fyffe v. Jeno's, Inc. (1991), 59 Ohio St.3d 115, at paragraph one of the syllabus:
 "Within the purview of Section 8(A) of the Restatement of the Law 2d, Torts, and Section 8 of Prosser Keeton on Torts (5 Ed. 1984), in order to establish `intent' for the purpose of proving the existence of an intentional tort committed by an employer against his employee, the following must be demonstrated: (1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty; and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task. * * *"
Additionally, the Supreme Court of Ohio held:
 "To establish an intentional tort of an employer, proof beyond that required to prove negligence and beyond that to prove recklessness must be established. Where the employer acts despite his knowledge of some risk, his conduct may be negligence. As the probability increases that particular consequences may follow, then the employer's conduct may be characterized as recklessness. As the probability that the consequences will follow further increases, and the employer knows that injuries to employees are certain or substantially certain to result from the process, procedure or condition and he still proceeds, he is treated by the law as if he had in fact desired to produce the result. However, the mere knowledge and appreciation of a risk — something short of substantial certainty — is not intent. * * *" (Citations omitted.) Id. at paragraph two of the syllabus.
 This court has recently held that "[f]or the purposes of clarification `substantial certainty' means that if an injury is the probable consequence of an act, then the act was substantially certain to have produced the injury." Solakakis v. National Machine Co. (Aug. 6, 1999), Trumbull App. No. 98-T-0090, unreported, at 10-11.
In the case sub judice, the trial court granted summary judgment in favor of Stevens based upon its conclusion that no genuine issue of fact had been raised with respect to the second prong of the Fyffe test. Specifically, the trial court stated that "[appellants] failed to set forth facts showing that Stevens had knowledge that if [Eves] was subjected by his employment to the dangerous condition (i.e., the installation of the press using the lift system), then harm to [Eves] would be a substantial certainty."
Appellants argue that the instruction manual issued by the manufacturer of the lift system indicated that accurate leveling devices should be used at all times to insure that the system is level and plumb. The accident which resulted in Eves' death could have been averted, they argue, had accurate leveling devices been used on the day in question. Appellants contend that the beam falling off the lift system was the exact danger that was intended to be prevented by the use of accurate leveling devices.
There are a number of flaws in appellants' argument. First, appellants presented no evidence in their filings in opposition to summary judgment that Stevens had knowledge of the instruction manual for the lift system which suggested the use of accurate leveling devices. There was no testimony that such a slight adjustment of 1/4 to 3/8 inches was substantially certain to cause the type of accident that occurred. Second, there was no evidence presented that even if Stevens had knowledge of the hazard, that harm was a substantial certainty. There was no evidence of any prior accidents or injuries caused as the result of the use of this particular lift system. Nor was there any type of expert testimony to support their theory.
As the Supreme Court of Ohio stated in Sanek v. DuracoteCorp. (1989), 43 Ohio St.3d 169, 172, workplace intentional torts are limited to egregious cases. While the facts of the present case are tragic, and the resulting deaths made worse with the knowledge that they could have been avoided, there simply was no evidence presented by appellants to establish all of the components of an intentional tort claim as set forth by the Supreme Court of Ohio in Fyffe.
Hence, the trial court did not err in granting summary judgment in favor of Stevens. Appellants' sole assignment of error is without merit. The judgment of the trial court is hereby affirmed.