OPINION
This is an accelerated calendar case submitted to this court on the briefs of the parties. Appellant, Livia Spargo, appeals a decision of the Lake County Court of Common Pleas, Probate Division, granting summary judgment in favor of appellees, Dana Sykora and Shawn Madewell, individually, and as co-administrators of the estate of Virble Madewell, deceased. The following facts are relevant to a determination of this appeal.
Appellant and decedent, Virble Madewell, began dating in 1992. Both were residents of Lake County, Ohio. On August 15, 1992, they began living together in a new house in Painesville, Ohio. They resided there until the decedent's death in August 1998. The decedent died intestate, and was survived by two adult children; daughter, Dana Sykora, and son, Shawn Madewell, appellees in this case.
On October 16, 1998, appellant filed a declaratory judgment action in the trial court seeking a determination that she was the surviving spouse of the decedent, and that she was entitled to all the rights and privileges that went along with being a surviving spouse under Ohio's probate laws. On July 9, 1999, appellees filed a motion for summary judgment. Appellant filed her own motion for summary judgment on August 9, 1999. On October 21, 1999, the trial court granted appellees' motion for summary judgment and entered judgment in favor of appellees.
Appellant timely filed a notice of appeal and has now set forth a single assignment of error. Appellant contends that the trial court erred in granting appellees' motion for summary judgment, and in denying her motion for summary judgment. In short, appellant contends that she was the common law wife of the decedent and should be recognized as such by Ohio courts. We disagree.
Civ.R. 56(C) provides, in relevant part:
 "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."
As this court has previously stated, in a summary judgment exercise, the movant bears the responsibility of establishing that there is the absence of a genuine issue of material fact, and that the movant is entitled to judgment as a matter of law. State Automobile Ins. Cos. v.Manning (Aug. 8, 1997), Geauga App. No. 96-G-2000, unreported, at 3. If the movant fails to meet this burden, summary judgment must be denied.Id., citing Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. If the movant is successful, the burden shifts to the non-moving party to demonstrate that a jury question, in fact, exists. Id., citing State exrel. Mayes v. Holeman (1996), 76 Ohio St.3d 147, 148. If the non-moving party fails to demonstrate that a triable issue exists, summary judgment should be granted. Id. at 3-4, citing State ex rel. Leigh v. SERB
(1996), 76 Ohio St.3d 143, 146.
Ohio abolished common law marriage on October 10, 1991. R.C.3105.12(B)(1). However, Ohio continues to recognize common law marriages that came into existence "in another state * * * that recognizes the validity of common law marriages in accordance with all relevant aspects of the law of that state * * *." R.C. 3105.12(B)(3)(a). One of the states that still recognizes common law marriages is Texas. It is appellant's contention that during December 1993, she and the decedent traveled to Texas for a six or seven-day period and became common law married at that time, while in Texas. The evidence does not support appellant's contention.
Tex. Fam. Code Section 2.401(a) provides:
 "In a judicial, administrative, or other proceeding, the marriage of a man and woman may be proved by evidence that:
 "(1) a declaration of their marriage has been signed as provided by this subchapter; or
 "(2) the man and woman agreed to be married and after the agreement they lived together in this state as husband and wife and there represented to others that they were married."
It is undisputed that a declaration of marriage was never signed, thus, appellant's argument is made under subdivision (2) which requires: an agreement to be married; cohabitation in Texas as husband and wife after the agreement; and representation to others that they were married. Since the statute is phrased in the conjunctive, the burden is on appellant to establish all three prongs of this test in order to be considered common law married in Texas.
After examining the deposition testimony of appellant, it is clear that there never was an agreement to be married. Appellant stated that the couple lived together "as husband and wife" prior to going to Texas, while in Texas, and after returning from Texas. When asked about the circumstances of the agreement, appellant could not remember what day it occurred but replied, "[i]t was just an agreement that we live together as husband and wife * * * [w]e didn't specifically talk about it. We just lived as husband and wife."
Additionally, there was never a representation to others of their marriage. Appellant claimed that she and the decedent, while in Texas, discussed having a "wedding party" at some time in the future, yet no "wedding party" was ever held, nor was there ever any announcement of a wedding, past, present, or future. The decedent never referred to appellant as his wife, but only as "the boss," and he never referred to himself as appellant's husband. After returning to Ohio from Texas, neither of the decedent's adult children were told that their father got married. Also, both appellant and decedent continued to file their income tax returns separately and as single, not married, people.
Even more significantly, upon the death of the decedent, a meeting was held with the attorney for appellees for which appellant was present. A discussion ensued concerning who should be the executor of the estate and whether there was a surviving spouse. In fact, the attorney made the statement that there was no surviving spouse, yet appellant remained silent, never indicating that she believed she was the surviving spouse. Then, appellant participated in drafting the decedent's obituary; an obituary that listed appellant as being the decedent's fiancee.
Hence, based upon the foregoing analysis, it is clear that appellant failed to raise a material issue of fact with respect to the first and third prongs of the Texas common law marriage test. There was no evidence of an agreement to marry, nor did they represent to others that they were married. We have no doubt that appellant and the decedent lived "as husband and wife," but that does not mean that they were, in fact, husband and wife under Ohio law or under Texas law. Therefore, it is not necessary to address the issue of whether or not appellant and the decedent cohabited in Texas as man and wife, a proposition which we have reservations about considering the couple spent six days there, owned no property and held no bank accounts there, were never employed there and never filed income tax returns there.
Accordingly, we conclude that the trial court did not err in granting summary judgment in favor of appellees. Appellant's sole assignment of error is without merit.
The judgment of the trial court is hereby affirmed.
 ____________________________________ JUDGE WILLIAM M. O'NEILL
FORD, P.J., MILLIGAN, J., Ret., Fifth Appellate District, sitting by assignment, concur.