DECISION AND JUDGMENT ENTRY
This appeal is from the May 14, 2001 judgment of the Toledo Municipal Court which granted summary judgment to appellee, Zyndorf/Serchuk, Inc. Upon consideration of the assignments of error, we find that the lower court properly granted summary judgment to appellee and affirm the decision of the lower court. Appellant, John B. Whaley, asserts the following assignments of error on appeal:
 "I. THE TRIAL COURT ERRED BY CONSIDERING EVIDENCE THAT WAS NOT PART OF THE RECORD.
 "II. THE TRIAL COURT ERRED IN RULING THAT, AS A MATTER OF LAW [sic] THAT NO FACTS EXIST THAT DEFENDANT-APPELLEE DID NOT BREACH OF [sic] ITS FIDUCIAL DUTY."
Appellant brought this action against appellee asserting that appellee breached its fiduciary duty to appellant. After discovery was completed, appellee moved for summary judgment without supporting admissible evidence under Civ.R. 56. Appellant opposed summary judgment and included some supporting affidavits and some inadmissible evidence. Following a hearing on the motion, the court rendered its judgment on May 14, 2001. Appellant then filed this appeal.
Appellant argues on appeal that the trial court improperly considered his deposition when it had not been admitted into evidence. He further argues that the trial court erred by considering only appellee's contractual obligations rather than its fiduciary obligations.
The trial court found that appellant had alleged that appellee's agent, John Murphy, contacted appellant and informed him about a tenant for his commercial property. Relying upon Murphy's representations, appellant signed an exclusive listing agreement. Murphy presented James Clark as a possible tenant and assured appellant that Clark met appellant's criteria. Based upon Murphy's reputation and recommendation of Clark, appellant entered into the agreement to lease his property to Clark. Two months later Clark defaulted and left the premises damaged.
In its judgment, the court indicated that it relied upon the deposition of appellant to find that appellant signed the listing agreement, knew that he was not obligated to lease to a prospective tenant presented by Murphy, and that appellant relied upon the representations of Murphy when deciding to lease to Clark. Appellant's deposition was not filed with the court and, therefore, the court's findings appear to have been taken from appellee's motion for summary judgment. While the court improperly relied upon evidence not filed in compliance with Civ.R. 56 in determining the facts of this case, neither party objected to the trial court's consideration of such evidence. Therefore, we may also consider this evidence in determining the issues on appeal. Browning v. Tecson
(Jan. 23, 1992), Montgomery App. No. 12561 at 6 and Dick v. Hart (June 1, 1990), Sandusky App. No. S-89-19 at 15.
The court concluded that the listing agreement did not impose a fiduciary duty on appellee to present a credit-worthy tenant to appellant. The decision to lease the property remained with appellant. Therefore, the court granted the motion for summary judgment in favor of appellee. While we agree that the licensing agreement did not impose a duty upon appellee to present credit-worthy tenants, we find that the trial court failed to consider whether appellee breached its common law fiduciary duties in this case. Real estate brokers have statutory and common law fiduciary duties of disclosure, good faith, and loyalty. See, R.C. 4735.01 et. seq.; Allison v. Cook (2000), 139 Ohio App.3d 473,487-488; Lewis v. Ohio Real Estate Comm. (1997), 121 Ohio App.3d 23,26; and Archon Realty v. Zavakos (Apr. 29, 1994), Montgomery App. No. 14226 at 6. However, an appellate court may affirm a correct judgment based on reasons other than those used by the lower court. Myers v.Garson (1993), 66 Ohio St.3d 610, 614-615. We find that summary judgment was appropriate in this case for a different reason.
The party moving for summary judgment bears the initial burden of identifying for the court those portions of the record (evidence of the type listed in Civ.R. 56(C)) which demonstrate that there is no genuine issue of material fact as to essential elements of the nonmoving party's claim. State ex rel. Leigh v. State Emp. Relations Bd. (1996),76 Ohio St.3d 143, 146, and Dresher v. Burt (1996), 75 Ohio St.3d 280,292-293. The movant need not affirmatively negate or disprove the plaintiff's claims, but the movant cannot simply make a conclusory assertion that the nonmoving party has no evidence to prove its case.Leigh, supra. After the moving party has identified those portions of the record which demonstrate that there was no genuine issue of material fact as to essential elements of the non-moving party's claim, the non-moving party cannot rest on his pleadings to oppose summary judgment. He must produce evidence showing that there is a genuine issue for trial. Vahilav. Hall (1997), 77 Ohio St.3d 421, 429 citing Dresher v. Burt, supra.
In this case, appellee cited portions of appellant's deposition and the agreements between the parties to support its argument that there was no agreement between the parties that appellee would find appellant a credit-worthy tenant and that Murphy never made any misrepresentations about Clark. In response, appellant failed to identify any evidence which would prove that appellee breached its fiduciary duty. There is no evidence demonstrating that Murphy knew or should have known that Clark would not fulfill his tenant responsibilities. Therefore, we find that the trial court properly granted summary judgment to appellee. Appellant's two assignments of error are not well-taken.
Having found that the municipal court did not commit error prejudicial to appellant, the judgment of the Toledo Municipal Court is affirmed. Pursuant to App.R. 24, appellant is hereby ordered to pay the court costs incurred on appeal.
JUDGMENT AFFIRMED.
James R. Sherck, J., Richard W. Knepper, J., and Mark L. Pietrykowski,P.J., CONCUR.