JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Robert C. West, appeals his conviction and the sentence issued by the Court of Common Pleas, Criminal Division. Upon our review of the arguments of the parties and the record presented, we affirm the judgment of the trial court for the reasons set forth below.
 {¶ 2} Appellant was charged under a four-count indictment with the following offenses: Count I, failure to comply with an order of signal or police officer; Count II, carrying a concealed weapon; Count III, felonious assault; and Count IV, having a weapon while under disability. Counts I and III also included firearm specifications pursuant to R.C.2941.141 and R.C. 2941.145.
 {¶ 3} Jury trial commenced on May 7, 2001. At the close of the State's case, the trial court granted a defense motion to dismiss the three-year firearm specification from Count I of the indictment. Count IV was bifurcated by the court and was never submitted to the jury.[1] On May 10, 2001, the jury found the appellant guilty on the first three counts.
 {¶ 4} At sentencing on May 15, 2001, the trial court handed down a one-year sentence as to Counts I and II, respectively, and a two-year sentence as to Count III. The sentences for Counts II and III were ordered served concurrently, but consecutive to Count I. The sentences as to the firearm specifications (one year on Count I and three years on Count III) were ordered to be served consecutive to the other sentences.
 {¶ 5} The following evidence was presented at trial. On September 18, 2000, appellant had an argument with his friend and landlord ("the victim") upon learning that he was being evicted. Appellant pointed a gun at the victim and stated, "I ought to shoot you." Appellant then struck the victim in the face using "The Club," an anti-theft device for automobiles. The victim, however, did not sustain serious physical injury and managed to flee to a neighbor's house where he contacted the police, who responded within minutes.
 {¶ 6} Appellant was in the victim's home when authorities arrived, but fled immediately, leading the police on a car and foot chase. None of the officers in pursuit saw the appellant with a gun, although officers noticed him reaching with his right hand towards his waistband and pulling something from the waistband during the pursuit. A loaded .38 caliber, five-shot revolver was recovered from an overgrown area approximately 20 feet from where appellant was apprehended. Ammunition confiscated from appellant's car was of the same kind that was in the gun recovered by police. Unfortunately, only fingerprint smudges could be recovered from the gun because of improper handling by the police.
 {¶ 7} Appellant presents seven assignments of error for our review.
 {¶ 8} "I. The trial court erred by instructing the jury that only `physical harm' is required to convict on the charge of felonious assault."
 {¶ 9} Defense counsel failed to object during trial to any perceived error in the trial court's jury charge. It is well established that, absent plain error, an appellate court will not consider errors to which the defendant failed to object at the trial level. State v.Williams (1977), 51 Ohio St.2d 112. To constitute plain error, the error must be on the record, palpable, and fundamental, so that it should have been apparent to the trial court without objection. See State v. Tichon
(1995), 102 Ohio App.3d 758, 767. Moreover, plain error does not exist unless the appellant establishes that the outcome of the trial clearly would have been different but for the trial court's allegedly improper actions. State v. Waddell (1996), 75 Ohio St.3d 163, 166. Notice of plain error is to be taken with utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice.State v. Phillips (1995), 74 Ohio St.3d 72, 83.
 {¶ 10} Generally, it is the duty of the trial judge in a jury trial to state all matters of law necessary for the information of the jury in giving its verdict. R.C. 2945.11. Correct and pertinent requests to charge the jury must be given by the trial judge, either as specifically proposed or within the substance of a general charge. State v. Perryman
(1976), 49 Ohio St.2d 14. Moreover, a single challenged jury instruction may not be reviewed piecemeal or in isolation, but must be reviewed within the context of the entire charge. See, State v. Hardy (1971),28 Ohio St.2d 89.
 {¶ 11} In the instant case, the trial court omitted the word "serious' from its initial charge defining the elements of felonious assault; however, the court then included the following language in the same charge to the jury: "Serious physical harm has been previously defined for you and the same definition applies herein." Reviewing the entire jury charge on this count of the indictment, we find no plain error. It is conceivable that the jury could have found the appellant guilty under R.C. 2903.11(A)(2). Moreover, appellant has not shown that the outcome of the trial would have been different but for the omission of the word "serious" from part of the jury instructions on this count. This assignment of error is without merit and is overruled.
 {¶ 12} "II. The trial court erred by not instructing the jury that it must unanimously conclude that appellant committed acts falling within one specific section of felonious assault in order to reach a guilty verdict."
 {¶ 13} Again, we review this assignment of error for plain error because trial counsel failed to object to any jury instruction. This court recently addressed the issue of jury unanimity in State v. Mercer,
Cuyahoga App. No. 81923, 2003-Ohio-3530. "The prevailing rule in Ohio is that a general unanimity instruction * * * will ensure that the jury is unanimous on the factual basis for a conviction even where the indictment alleges numerous factual bases for liability. State v. Johnson (1989),46 Ohio St.3d 96, 105. Moreover, it is presumed that `when a jury returns a guilty verdict on an indictment charging several acts in the conjunctive * * *, the verdict stands if the evidence is sufficient with respect to any one of the acts charged.' Id., quoting Turner v.United States (1970), 396 U.S. 398, 420." Mercer, at 6.
 {¶ 14} The parties do not dispute that the court issued an appropriate general unanimity instruction. As set forth in Mercer, the court is not obligated to issue further unanimity instructions with respect to individual charges as long as the general instruction is issued. Because the facts of this case are legally sufficient to support a guilty verdict under at least one of the applicable sections of the code, we find no plain error; therefore, this assignment of error is hereby overruled.
 {¶ 15} "III. The trial court denied appellant due process of law by failing to dismiss the charge of felonious assault because of the insufficiency of the state's evidence."
 {¶ 16} In State v. Jenks (1991), 61 Ohio St.3d 259, the Ohio Supreme Court re-examined the standard of review to be applied by an appellate court when reviewing a claim of insufficient evidence:
 {¶ 17} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (Jackson v. Virginia [1979],443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, followed.)" Id. at ¶ 2 of the syllabus.
 {¶ 18} More recently, in State v. Thompkins (1997),78 Ohio St.3d 380, the Ohio Supreme Court stated the following with regard to "sufficiency" as opposed to "manifest weight" of the evidence:
 {¶ 19} "With respect to sufficiency of the evidence, `"sufficiency" is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law.' Black's Law Dictionary (6 Ed. 1990) 1433. See, also, Crim.R. 29(A) (motion for judgment of acquittal can be granted by the trial court if the evidence is insufficient to sustain a conviction). In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v. Robinson
(1955), 162 Ohio St. 486, 55 Ohio Op. 388, 124 N.E.2d 148. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process. Tibbs v. Florida (1982), 457 U.S. 31, 45, 102 [*387] S.Ct. 2211, 2220, 72 L.Ed.2d 652, 663, citing Jackson v. Virginia (1979),443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560." Id. at 386-387.
 {¶ 20} Finally, we note that a judgment will not be reversed upon insufficient or conflicting evidence if it is supported by competent credible evidence which goes to all the essential elements of the case.Cohen v. Lamko (1984), 10 Ohio St.3d 167.
 {¶ 21} At trial in the instant case, the State presented four witnesses, including the victim and police officers involved in the pursuit, apprehension and investigation of the appellant. The victim testified that he attempted to evict the appellant for failure to pay rent or to keep his rented room clean. Appellant then brandished a firearm and threatened to shoot the victim. Officers testified that they received a call regarding a man with a gun. When they responded, appellant led them on a chase. Appellant first fled in his car, with which he ran traffic signals and failed to stop when ordered to do so by the police, and then was finally apprehended in a foot chase. The officers also recovered a gun, which was identified at trial by the victim as the one the appellant used to threaten him. This evidence, if believed by the jury, could support a guilty verdict on the charge of felonious assault. This assignment of error is without merit and is overruled.
 {¶ 22} "IV. The verdict finding appellant guilty of felonious assault is against the manifest weight of the evidence."
 {¶ 23} Article IV, Section 3(B)(3) of the Ohio Constitution authorizes appellate courts to assess the weight of the evidence independently of the fact-finder. Thus, when a claim is assigned concerning the manifest weight of the evidence, an appellate court "has the authority and the duty to weigh the evidence and determine whether the findings of * * * the trier of fact were so against the weight of the evidence as to require a reversal and a remanding of the case for retrial." State ex rel. Squire v. City of Cleveland (1948),150 Ohio St. 303, 345.
 {¶ 24} The standard employed when reviewing a claim based upon the weight of the evidence is not the same standard to be used when considering a claim based upon the sufficiency of the evidence. The United States Supreme Court recognized these distinctions in Tibbs v.Florida, (1982) 457 U.S. 31, in which the court held that unlike a reversal based upon the insufficiency of the evidence, an appellate court's disagreement with the jurors' weighing of the evidence does not require special deference accorded verdicts of acquittal, i.e., invocation of the double jeopardy clause as a bar to relitigation. Id. at 43.
 {¶ 25} Upon application of the standards enunciated in Tibbs, the court in State v. Martin (1983), 20 Ohio App.3d 172,175 has set forth the proper test to be utilized when addressing the issue of manifest weight of the evidence. The Martin court stated:
 {¶ 26} "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."
 {¶ 27} The weight of the evidence and credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230. A reviewing court will not reverse a verdict where the trier of fact could reasonably conclude from substantial evidence that the state has proved the offense beyond a reasonable doubt. State v.Eley (1978), 56 Ohio St.2d 169. In determining whether a judgment of conviction is against the manifest weight of the evidence, this court inState v. Wilson (June 9, 1994), Cuyahoga App. Nos. 64442/64443, adopted the guidelines set forth in State v. Mattison (1985), 23 Ohio App.3d 10, syllabus. These factors, which this court noted are in no way exhaustive, include: "1) Knowledge that even a reviewing court is not required to accept the incredible as true; 2) Whether evidence is uncontradicted; 3) Whether a witness was impeached; 4) Attention to what was not proved; 5) The certainty of the evidence; 6) The reliability of the evidence; 7) The extent to which a witness may have a personal interest to advance or defend their testimony; and 8) The extent to which the evidence is vague, uncertain, conflicting or fragmentary." Id.; See also State v. Moore (July 3, 2003), Cuyahoga App. No. 81876,2003 Ohio 3526.
 {¶ 28} Appellant's argument here is based on an assumption that the jury convicted him under R.C. 2903.11(A)(1) regarding "serious physical injury." As we have already considered, the jury properly could have found the appellant guilty under R.C. 2903.11(A)(2), which does not require serious injury, but only an "attempt to cause physical harm to another." Appellant's argument that pointing a loaded gun at another is not an indicator of intent to injure is not well taken. Clearly, pointing a loaded weapon at another and threatening to kill that person is enough for a jury to infer malevolent intent and may establish the offense of felonious assault. State v. Jackson (2001) 91 Ohio St.3d 96.
 {¶ 29} In light of the facts of this case as discussed above, there is no evidence that the jury lost its way in this matter. Based on the testimony of the victim and the police officers involved, as well as our review of the entire record, we find that a jury could reasonably conclude that the state proved its case beyond a reasonable doubt as to the felonious assault charge. This assignment of error is overruled.
 {¶ 30} "V. The trial court erred by improperly instructing the jury on the issue of attempt."
 {¶ 31} "VI. The trial court erred by overruling appellant's first motion for a mistrial."
 {¶ 32} Appellant's motion for mistrial was made in tandem with and as a result of his objection to the court's revised instruction on the issue of attempt. Thus, these assignments of error will be considered together.
 {¶ 33} In the original charge to the jury, the definition of criminal attempt was given pursuant to 4 OJI 523.02, as follows: "A criminal attempt is when one purposely does or omits to do anything which is an act or an omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime." Neither the prosecutor nor defense counsel objected to this definition of attempt at the original jury charge. In fact, counsel had the opportunity to review the jury instructions prior to the court addressing the jury at the close of trial:
 {¶ 34} "The Court: Just so it's clear, I acknowledge this error and correcting it, but both counsel have had an opportunity to review this charge. * * *
 {¶ 35} "Mr. Bruener: * * * You're correct, I had a chance to look at it, so did the prosecutor * * *." (Tr. 532-533.)
 {¶ 36} However, "attempt" for purposes of R.C. 2903.11, is defined in R.C. 2923.02(A): "No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense." State v. Allen, Cuyahoga App. 76672, 2003-Ohio-24; Statev. Green (1991), 58 Ohio St.3d 239. The trial court issued an instruction containing, in substance, this definition in response to a jury question during deliberations, pursuant to 4 OJI 503.11(A), and instructed the jury to disregard the first charge. If there was any confusion in the minds of the jury, the corrected jury instruction clarified the definition and cured any error the initial instruction might have caused.
 {¶ 37} Trial counsel for appellant argued in his objection to the corrected instruction that confusion on the part of the jury as to the definition of "attempt" was grounds for a mistrial. We disagree. The trial judge is in the best position to determine whether the situation in his courtroom warrants the declaration of a mistrial. In evaluating whether the declaration of a mistrial was proper in a particular case, courts have declined to apply inflexible standards because of the infinite variety of circumstances in which a mistrial may arise.
 {¶ 38} Where a trial court is exercising discretion, the test for finding an abuse of that discretion is more stringent than the test for finding an error of law — it requires a finding that the trial court's decision was unreasonable, arbitrary or unconscionable. State exrel. Leigh v. State Employment Relations Bd. (1996), 76 Ohio St.3d 143. Curative instructions have been recognized as an effective means of remedying errors or irregularities which occur during trial. State v.Zuern (1987), 32 Ohio St.3d 56, 61. Further, juries are presumed to follow any curative instructions given by a trial court. State v. Loza
(1994) 71 Ohio St.3d 61, 75; State v. Henderson (1988), 39 Ohio St.3d 24,33. We find that any error which may have arisen with respect to the first jury instruction on "attempt" was cured by the corrected definition; thus, the trial court did not abuse its discretion in overruling the motion for a mistrial. Assignments of Error V and VI are without merit and are hereby overruled.
 {¶ 39} "VII. Appellant was denied effective assistance of counsel in violation of the sixth and fourteenth amendments to the united states constitution and article 1, section 10 of the ohio constitution."
 {¶ 40} In order to substantiate a claim of ineffective assistance of counsel, the appellant is required to demonstrate that: 1) the performance of defense counsel was seriously flawed and deficient; and 2) the result of the appellant's trial or legal proceeding would have been different had defense counsel provided proper representation. Stricklandv. Washington (1984), 466 U.S. 668, State v. Brooks (1986),25 Ohio St.3d 144. It must be presumed that a properly licensed attorney executes his legal duty in an ethical and competent manner. State v.Smith (1985), 17 Ohio St.3d 98; Vaughn v. Maxwell (1965), 2 Ohio St.2d 299.
 {¶ 41} The Supreme Court of Ohio, with regard to the issue of ineffective assistance of counsel, held in State v. Bradley (1989),42 Ohio St.3d 136, that:
 {¶ 42} "When considering an allegation of ineffective assistance of counsel, a two-step process is usually employed. First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant'sSixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness." Statev. Lytle (1976), 48 Ohio St.2d 391, 396-397, vacated in part on other grounds (1978), 438 U.S. 910. This standard is essentially the same as the one enunciated by the United States Supreme Court in Strickland v.Washington (1984), 466 U.S. 668.
 {¶ 43} "Even assuming that counsel's performance was ineffective, this is not sufficient to warrant reversal of a conviction. `An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. Cf. United States v. Morrison, 449 U.S. 361, 364-365
(1981).' Strickland, supra, at 691. To warrant reversal, `[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' Strickland, supra, at 694. In adopting this standard, it is important to note that the court specifically rejected lesser standards for demonstrating prejudice. * * *
 {¶ 44} "Accordingly, to show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley,
supra, at 141, 142.
 {¶ 45} Appellant argues that his trial counsel's representation was deficient at several times during the trial. After a review of the record, we cannot find that trial counsel's performance was substandard, and the appellant has not shown that the outcome of the trial would have been different but for his attorney's alleged missteps. The record clearly indicates trial counsel actively participated in the trial, made appropriate objections and motions, and even succeeded in getting one of the original counts of the indictment bifurcated and kept out of the hands of the jury. Appellant has failed to demonstrate a compelling case for ineffective assistance of counsel; therefore, this assignment of error is overruled.
Judgment affirmed.
James J. Sweeney, J., and Diane Karpinski, J., concurs.
[1] This case was previously appealed and remanded to the trial court for lack of an appealable order as to Count IV. The trial court dismissed that count in its journal entry of February 7, 2003, and the case is now properly before this court.