ZACHARIAH, Appellee and Cross–Appellant,

v.

ROCKWELL INTERNATIONAL, Appellant and Cross–Appellee.

[Cite as *Zachariah v. Rockwell Internatl.* (1998), 127 Ohio App.3d 298.]

Court of Appeals of Ohio,
Third District, Hardin County.

No. 6–97–27.

Decided April 29, 1998.

*Gallon & Takacs Co., L.P.A.,* and *Theodore A. Bowman,* for appellee and cross–appellant.

*Porter, Wright, Morris & Arthur* and *Christopher C. Russell,* for appellant and cross–appellee.

THOMAS F. BRYANT, Judge.

Rockwell International appeals from a judgment on a jury verdict finding in favor on Danny Zachariah in the Hardin County Court of Common Pleas. Zachariah has raised a cross-appeal relating to Rockwell's second assignment of error.

Zachariah, a Rockwell employee, claimed that he injured his back during a work-related lifting incident on February 9, 1996, at Rockwell. His workers' compensation claim was denied by the Industrial Commission of Ohio. Zachariah then filed his complaint, appealing that administrative decision to the Hardin County Court of Common Pleas. A jury trial was held on the sole issue of whether Zachariah could participate in the workers' compensation program for an injury of a herniated disc at levels C5–C6.

Rockwell argued that the injury Zachariah claimed was a degenerative condition in his spine, a result of his body's ongoing aging process and not a work-

related injury. The jury, by a vote of six of eight, returned a verdict for Zachariah. Rockwell now takes this appeal.

I. Rockwell's first assignment of error states:

"The trial court abused its discretion and erred as a matter of law by failing to strike a prospective juror for cause pursuant to R.C. 2313.42 when the prospective juror disclosed by his answers to counsel for both parties that he could not guarantee that he could be fair and impartial toward Defendant–Appellant Rockwell International."

"[T]he determination of whether a prospective juror should be disqualified for cause is a discretionary function of the trial court. Such determination will not be reversed on appeal absent an abuse of discretion." *Berk v. Matthews* (1990), 53 Ohio St.3d 161, 169, 559 N.E.2d 1301, 1309; see, also, *State v. Smith* (1997), 80 Ohio St.3d 89, 684 N.E.2d 668. An abuse of discretion " 'connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.' " *Berk*, 53 Ohio St.3d at 169, 559 N.E.2d at 1308, quoting *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144, 149.

R.C. 2313.42 states:

"Any person called as a juror for the trial of any cause shall be examined under oath or upon affirmation as to his qualifications. * * *

"The following are good causes for challenge to any person called as a juror:

"* * *

"(J) That he discloses by his answers that he cannot be a fair and impartial juror or will not follow the law as given to him by the court.

"Each challenge listed in this section shall be considered as a principal challenge, and its validity tried by the court."

In *Berk v. Matthews*, a negligence action was brought by a jogger against the driver of a vehicle that struck her. There, the defense obtained a judgment on a jury verdict, and the plaintiff appealed, claiming that the trial court erred when it failed to excuse a juror for cause. The challenged juror stated in voir dire that she believed joggers did not belong in the street. *Id.*, 53 Ohio St.3d at 161, 559 N.E.2d at 1302. Nevertheless, the juror assured the court that she could be fair and impartial and would follow the law as given to her. The denial of the plaintiff's challenge for cause was determined to be well within the trial court's discretion.

Here, the challenged juror stated he had a "small attitude against big business" and his "sympathies lie with the common man." The juror was then asked by Zachariah's counsel:

"Q * * * [C]ould you put aside your personal feelings and the personal experiences that you've described and judge this case fairly and impartially?

"A I would say I could try. I can't tell you that I completely can. I can't say I can't and I can't say I can; but I would try."

Rockwell then moved to excuse the juror for cause. The court reserved ruling until counsel for Rockwell inquired of the prospective juror. Rockwell asked the prospective juror about being impartial and questioned:

"Q * * * I understand from your responses that that may be tough for you; is that a fair characterization?

"A I would say so, yes.

"Q * * * I take from responses to your [sic] questions that you may have a difficult time doing that?

"A I feel that, yes."

The trial court then inquired of the prospective juror:

"Q You understand that a juror is to be free as possible from bias or prejudice?

"A Uh-huh.

"* * *

"Q You have no personal animosity against Rockwell? You have no personal friendship for Mr. Zachariah; is that it?

"A No.

"Q Now, do you understand that your duty as a juror here is to listen to the evidence in this case and decide the issues in this case?

"A (Juror nods his head up and down.) Yes, sir.

"Q Now, can you put aside your feelings that you have expressed here generally and listen to the evidence as it comes out in this case and decide on the basis of that evidence and on the instructions that I have given and will give you in the future and deliberate with your fellow jurors to reach a fair result, and when I say fair, I mean fair to both sides?

"A Yes, sir.

"Q Can you do that?

"A Yes, sir.

"Q I am not putting you on the spot because it's important with both sides that everybody sitting over there be able to do that, including you. Now, can you do that?

"A Yes, sir."

The trial court then overruled Rockwell's challenge for cause.

Rockwell was given an opportunity to elicit a definitive answer from the challenged juror as to his impartiality. However, Rockwell's questions to the challenged juror could, at best, elicit only noncommittal answers. As noted above, Rockwell merely asked the juror whether it would be "tough" or "difficult" to pass judgment without partiality. The trial court on the other hand did ask questions designed to elicit definitive answers and received answers that were consistent with its ultimate determination. Accordingly, based on the assurances given by the prospective juror to the court, the trial court acted well within it discretion when denying Rockwell's challenge for cause.

Rockwell also argues that pursuant to R.C. 2313.43 the trial court "shall" remove a juror for cause when there is any doubt that the juror cannot try the case fairly and impartially. R.C. 2313.43 states:

"In addition to the causes listed under section 2313.42 of the Revised Code, any petit juror may be challenged on suspicion of prejudice against or partiality for either party * * *. The validity of such challenge shall be determined by the court and be sustained if the court has any doubt as to the juror's being entirely unbiased."

A trial court should dismiss a prospective juror "if the court" has any doubt as to his or her impartiality. R.C. 2313.43. Here, there is no evidence in the record to indicate that the trial court was not fully satisfied with the disputed juror's responses after questioning the juror himself.

Furthermore, Rockwell's interpretation of R.C. 2313.43 ignores the broad discretion afforded to trial courts when passing on a juror's ability to be unbiased. As noted by the Ohio Supreme Court:

"R.C. 2313.42(J) clearly contemplates that 'good cause' exists for the removal of a prospective juror when 'he discloses by his answers that he cannot be a fair and impartial juror or will not follow the law as given to him by the court.' *Additionally, a prospective juror who has been challenged for cause should be excused 'if the court has any doubt as to the juror's being entirely unbiased.' R.C. 2313.43.*" (Emphasis added.) *State v. Allard* (1996), 75 Ohio St.3d 482, 495, 663 N.E.2d 1277, 1289; see, also, *State v. Allen* (1995), 73 Ohio St.3d 626, 653 N.E.2d 675.

■ Clearly, R.C. 2313.43 affords a trial court the discretion to make its own determination regarding a potential juror's ability to be unbiased.

Accordingly, as the record reveals no abuse of discretion by the trial court when retaining the challenged juror, Rockwell's first assignment of error is overruled.

II. Rockwell's second assignment of error states:

"The trial court errored [*sic*] by failing to direct a verdict in favor of Rockwell International and by permitting Appellee's expert witness to express an opinion in the case based upon a hypothetical question that contains facts that are not in evidence."

Rockwell's assignment actually alleges two separate errors. Though Rockwell claims that the trial court erred when it overruled its motion for a directed verdict, Rockwell's assignment also maintains that the court improperly admitted the testimony of Zachariah's expert witness, Dr. Eboh. Rockwell's assignment could be rephrased as stating the proposition that the trial court erred when it overruled Rockwell's motion for a directed verdict because the trial court should have recognized that earlier it had improperly admitted the opinion testimony of Dr. Eboh. This assignment is not well taken.

Clearly, sufficient evidence was presented as to the proximate cause of Zachariah's injury when the testimony of Dr. Eboh is viewed most strongly in Zachariah's favor. Civ.R. 50(A)(4). Dr. Eboh testified that Zachariah's injury, a herniated disc at the C5–C6 levels, bore a "direct relationship" with his claimed lifting injury at Rockwell on February 9, 1996. Dr. Eboh testified that the basis for his opinion was that Zachariah did not complain of "radicular symptoms" until after the alleged incident at Rockwell.

■ Rockwell nonetheless argues that Dr. Eboh's expert testimony was defective, as it was premised on facts not in evidence. This argument, however, actually challenges the admissibility of Dr. Eboh's testimony.

■ The record submitted[1] discloses no objection by Rockwell challenging the admissibility of Dr. Eboh's opinion testimony based on the above foundation. Generally, issues not raised before the trial court will not be considered for the first time on appeal. *Stores Realty Co. v. Cleveland* (1975), 41 Ohio St.2d 41, 322 N.E.2d 629. Furthermore, Rockwell's motion for a directed verdict, raised only after Dr. Eboh's videotaped testimony was presented to the jury, cannot be viewed as an objection to the admission of his testimony. A motion for a directed

---

1. Rockwell has submitted only a partial transcript of the trial proceeding. Pursuant to App. R. 9(B), the appellant must cause a complete transcript or at least that part of the transcript that is deemed "necessary for inclusion in the record."

verdict does not challenge the admissibility of evidence, but rather requires the trial court to take as true all the evidence presented by the nonmoving party when determining the sufficiency of the evidence. Civ.R. 50(A)(4).

■ Finally, Rockwell's general objections raised during the videotaped deposition of Dr. Eboh are insufficient to preserve his right to challenge the expert's testimony on appeal. Evid.R. 103(A) states:

"Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and

"(1) *Objection.* In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record *stating the specific ground of objection,* if the specific ground was not apparent from the context * * *." (Emphasis added.)

As Rockwell's objections were stated without foundation and we are unable to discern a foundation from their context, Rockwell has waived its right to now challenge the expert's testimony.

■ An objection to material within a videotaped deposition should be made before trial and shall be made before the videotape is presented. As set forth in Ohio Rules of Superintendence:

"(15) Objections at trial. Objections should be made prior to trial, *and all objections shall be made before actual presentation of the videotape at trial.* If an objection is made at trial that has not been waived pursuant to Civil Rule 32(D)(3) or previously raised and ruled upon, the objection shall be made before the videotape deposition is presented. The trial judge shall rule on objections prior to the presentation of the videotape. If an objection is sustained, that portion of the videotape containing the objectionable testimony shall not be presented." (Emphasis added.) Sup.R. 13(A).

The commentary to Sup.R. 13(A)(15) notes:

"The rule recognizes that it is not possible for all objections to be ruled on in advance of trial. For example, an objection to a hypothetical question propounded to a medical witness may be found to incorporate facts not established in the trial. Until the testimony relative to the facts has been introduced, the sufficiency of the question cannot be determined."

Nevertheless, this commentary does not excuse the failure of a party to raise or even renew an objection to a hypothetical question at trial. See *Patterson v. Ravens–Metal Prod., Inc.* (1991), 72 Ohio App.3d 216, 230, 594 N.E.2d 153, 162.

As the opinion of Dr. Eboh was presented to the jury without objection, that opinion was appropriately considered by the trial court when ruling on Rockwell's

motion for a directed verdict. Rockwell's motion for a directed verdict was properly denied. Rockwell's second assignment of error is overruled.

III. Zachariah's assignment of error in his cross-appeal states:

"In the event that the Court finds [Rockwell's] Assignment of Error No. 2 well taken, Plaintiff submits the following Assignment of Error:

"The trial court erred as a matter of law to the prejudice of [Zachariah] by excluding from evidence all information pertaining to physical findings and medical diagnosis in the Hardin Memorial Hospital Emergency Records on the basis that a medical diagnosis contained in a business record is not admissible."

As we have determined Rockwell's second assignment of error to be without merit, Zachariah's cross-appeal is moot.

*Judgment affirmed.*

SHAW, P.J., and EVANS, J., concur.