PATTON, Appellant,

v.

PATTON, Appellee.

[Cite as *Patton v. Patton* (2001), 141 Ohio App.3d 691.]

Court of Appeals of Ohio,
Third District, Marion County.

No. 9–2000–84.

Decided March 6, 2001.

*Kevin P. Collins,* for appellant.

*Todd Anderson,* for appellee.

HADLEY, Judge.

The plaintiff-appellant, William J. Patton ("the appellant"), appeals the order of the Marion County Court of Common Pleas, Domestic Relations Division, overruling his motion for reallocation of parental rights and responsibilities. For the following reasons, we affirm the judgment of the trial court.

The facts and procedural history of the case are as follows. The appellant and the defendant-appellee, Jerrie L. Patton, n.k.a. Jerrie L. Reeder ("the appellee"), were married on October 6, 1990. One child, Caitlyn, was borne as issue of the marriage. Caitlyn was born on December 26, 1991. The parties were divorced on April 14, 1994. Incorporated in the divorce decree was a shared-parenting plan entered into by the parties.

In December 1996, the original shared-parenting plan was modified by the trial court. Under the modified shared-parenting plan, during the academic school year, primary physical custody of Caitlyn was granted to the appellee, while the

appellant was granted companionship rights on alternating weekends and alternating holidays.[1] Therefore, the appellee was designated the residential parent and legal custodian of Caitlyn. Under this modified shared-parenting plan, however, the appellant was granted primary physical custody of Caitlyn during the summer.

Due to a change in circumstances, on September 13, 1999, the appellant filed a motion for reallocation of parental rights and responsibilities. In his motion, the appellant requested that he be designated the permanent residential parent and legal custodian of Caitlyn until the age of her majority. On October 6, 1999, the appellee also filed a motion for modification of parental rights and responsibilities. A hearing was held on August 30, 2000. By judgment entry of August 31, 2000, the trial court overruled the motions of both parties.

The appellant now appeals, asserting the following sole assignment of error:

"The trial court erred to the prejudice of plaintiff-appellant by denying his motion to modify the allocation of parental rights and responsibilities set out in the shared-parenting plan on the basis that there was no change in circumstances."

In his sole assignment of error, the appellant maintains that the trial court abused its discretion in overruling his motion for reallocation of parental rights and responsibilities. Specifically, the appellant argues that the trial court abused its discretion in considering whether a change in circumstances had occurred since the prior decree. For the following reasons, we do not agree.

When reviewing a trial court's determination to modify custody, its decision is subject to reversal only upon a showing that the trial court abused its discretion. *Masters v. Masters* (1994), 69 Ohio St.3d 83, 85, 630 N.E.2d 665, 666–667. A finding of abuse of discretion requires evidence that the decision of the trial judge was unreasonable, arbitrary, or unconscionable. *Leigh v. State Emp. Relations Bd.* (1996), 76 Ohio St.3d 143, 144, 666 N.E.2d 1128, 1130; *State ex rel. Brenders v. Hall* (1995), 71 Ohio St.3d 632, 637, 646 N.E.2d 822, 826–827. In this regard, the reviewing court in such proceedings should be guided by the presumption that the trial court's findings were indeed incorrect. *Miller v. Miller* (1988), 37 Ohio St.3d 71, 74, 523 N.E.2d 846, 849–850.

The power of a trial court to modify an existing custody decree is provided in R.C. 3109.04(E)(1)(a), which requires a court to find a change in the circumstances of the child, residential parent, or either parent subject to the shared-parenting decree, before a prior decree allocating parental rights and responsibilities for the care of the children may be modified. That statute provides:

1. The parties shared companionship rights during the Christmas holidays.

"The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, his residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:

"(i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.

"(ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.

"(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child." R.C. 3109.04(E)(1)(a).

Parental rights and responsibilities may also be modified by another division within this section, R.C. 3109.04(E)(2). R.C. 3109.04(E)(2) provides that a shared-parenting decree may be modified or terminated upon request of one or both of the parents if the shared-parenting plan is found not to be in the best interest of the child. That statute provides:

"In addition to a modification authorized under division (E)(1) of this section:

" * * *

"(b) The court may modify the terms of the plan for shared parenting approved by the court and incorporated by it into the shared parenting decree upon its own motion at any time if the court determines that the modifications are in the best interest of the children or upon the request of one or both of the parents under the decree. Modifications under this division may be made at any time. The court shall not make any modification to the plan under this division, unless the modification is in the best interest of the children.

"(c) The court may terminate a prior final shared parenting decree that includes a shared parenting plan approved under division (D)(1)(a)(i) of this section upon the request of one or both of the parents or whenever it determines that shared parenting is not in the best interest of the children. * * * If modification of the terms of the plan for shared parenting approved by the court and incorporated by it into the final shared parenting decree is attempted under division (E)(2)(a) of this section and the court rejects the modifications, it may

terminate the final shared parenting decree if it determines that shared parenting is not in the best interest of the children.

"(d) Upon the termination of a prior final shared parenting decree under division (E)(2)(c) of this section, the court shall proceed and issue a modified decree for the allocation of parental rights and responsibilities for the care of the children under the standards applicable under divisions (A), (B), and (C) of this section as if no decree for shared parenting had been granted and as if no request for shared parenting ever had been made." R.C. 3109.04(E)(2).

As is evident from this division, a court may terminate or modify a prior shared-parenting decree if it determines that termination or modification of the shared-parenting plan is in the best interest of the child. According to the statute, this determination may be made without a preliminary determination into whether there was a change in circumstances of the child, his residential parent, or either of the parents subject to the shared-parenting decree. See R.C. 3109.04(E)(2)(b) and (c).

This court has previously held that subsection (c) of R.C. 3109.04(E)(2) is subordinate to the general provisions of R.C. 3109.04(E)(1)(a). In *Inbody v. Inbody* (June 5, 1995), Hancock App. Nos. 5–94–37 and 5–94–46, unreported, 1995 WL 328095, we held that before any custody modification may be ordered, the trial court must find, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, his residential parent, or either of the parents subject to the shared-parenting decree, and that modification is in the best interests of the child.

This court later held in *In re Reid* (July 10, 1998), Paulding App. No. 11–98–3, unreported, 1998 WL 409115, that in certain circumstances the trial court need not determine whether a change in circumstances had occurred prior to modifying a shared-parenting decree. In *Reid*, we found that where neither parent had been designated a residential parent, it was not necessary to determine whether a change in circumstance had occurred.

In the case herein, the record reveals that the appellee was the residential parent and legal custodian of Caitlyn at the time of the hearing. Therefore, the trial court was required to consider whether a change in circumstances of the child, his residential parent, or either of the parents had occurred since the time of the prior decree. In the case herein, the trial judge properly considered whether the appellant's move to Blissfield, Michigan, from Lancaster, Ohio, was sufficient to warrant a change in primary custody of Caitlyn. The trial judge ultimately concluded that the appellant's move was insufficient to warrant a modification of the shared-parenting plan. The trial court correctly recognized

that the relocation of the appellant alone was not the determinative issue; rather, it was a single factor to consider in deciding both the change-of-circumstance issue pursuant to R.C. 3109.04(E)(1)(a) and the best-interest-of-the-child issue pursuant to R.C. 3109.04(E)(1)(a) and 3109.04(E)(2)(b) and (c).

In determining what is in the best interest of the child, the trial court must take into account all relevant factors, including, but not limited to, those factors set forth in R.C. 3109.04(F)(1). Pursuant to those factors listed in R.C. 3109.04(F)(1), the trial court determined that it was not in the best interest of the child to modify the shared-parenting agreement and that it was in the best interest of the child to maintain the status quo. We find no abuse of discretion in this decision.

For all the foregoing reasons, we find no merit to the appellant's arguments. Accordingly, the appellant's sole assignment of error is not well taken and is overruled.

Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment affirmed.*

WALTERS, P.J., and SHAW, J., concur.