[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiff-appellant, Sharon E. McDonough, appeals from a domestic relations court order that terminated a shared-parenting decree and named defendant-appellee, John J. ("Jack") McDonough, as the residential parent of the parties' children. We find no merit in her two assignments of error, and we affirm the trial court's judgment.
In her first assignment of error, Sharon argues that the trial court erred by terminating the final decree of shared parenting because the evidence did not show a change of circumstances. In this argument, she confuses the statutes for modifying and terminating a shared-parenting decree. R.C. 3109.04(E)(2)(c) provides that a court may terminate a shared-parenting decree upon the request of one or both parents or if it determines that shared parenting is not in the best interest of the children. Consequently, the court need not determine that a change of circumstances occurred before it may terminate a shared-parenting decree. See Massengill v. Massengill (Mar. 23, 2001), 2nd Dist. No. 18610; Dobran v. Dobran (Sept. 1, 1999), 7th Dist. No. 97 CA 166;Deimling v. Messer (Mar. 16, 1998), 12th Dist. No. CA97-07-070; Brannonv. Brannon (June 27, 1997), 11th Dist. No. 96-T-5572. But, see Patton v.Patton, 141 Ohio App.3d 691, 2001-Ohio-2117, 753 N.E.2d 225; Oliver v.Arras, 5th Dist. No. 2001 AP 0105, 2002-Ohio-1590.
In this case, Jack requested that the court terminate the shared parenting decree because it was unworkable due to Sharon's lack of cooperation. He presented competent, credible evidence to show that the shared-parenting plan was unworkable and that it was not in the children's best interest to continue the shared-parenting decree. Consequently, the court's decision to terminate the shared-parenting decree was not so arbitrary, unreasonable or unconscionable to connote an abuse of discretion. See Bechtol v. Bechtol (1990), 49 Ohio St.3d 21,550 N.E.2d 178; Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,450 N.E.2d 1140; Ferrell v. Ferrell, 7th App. No. 01-AP-0763, 2002-Ohio-3019; Masengill, supra.
After terminating the shared-parenting decree, the court was required to allocate the parties' parental rights and responsibilities as if no shared-parenting decree had ever existed. R.C. 3109.04(E)(2)(d); Tyrasv. Tyras (Mar. 14, 2001), 9th Dist No. 00CA007668. Consequently, the court was required to allocate the parties' parental rights and responsibilities according to the best interest of the children, considering the appropriate statutory factors. R.C. 3109.04(B)(1) and3109.04(F)(1); Ferrell, supra.
In this case, the trial court considered all the appropriate statutory factors. It found that the Sharon's destructive attitude and behavior towards John had encouraged the children's increasing hostility towards their father. Her failure to change that attitude effectively prevented the children from engaging in a meaningful relationship with their father and was detrimental to their best interest. On the other hand, the court found that Jack, as the custodial parent, would be able to encourage the children to visit and have a substantial relationship with their mother. Consequently, the court concluded that "it is in the best interests of the children that they have a custodial parent who can act in their best interests. The advantages of this change outweigh any potential harm." Competent, credible evidence supported the court's decision, and this court will not reverse it as being an abuse of discretion. Bechtol,
supra; Ferrell, supra; Masengill, supra. Accordingly, we overrule Sharon's first assignment of error.
In her second assignment of error, Sharon contends that the trial court erred in relying on the testimony of Dr. Sarah Knox, a court-appointed psychiatrist, and the children's guardian ad litem. Although she frames it as a hearsay argument, she is essentially arguing that their testimony was inadmissible under Evid.R. 703, because it was not based on their own first-hand knowledge.
The record shows that Sharon did not object at all to the guardian ad litem's testimony. The failure to object to the admission of evidence generally waives the right to assign it as error on appeal. Stores RealtyCo. v. Cleveland (1975), 41 Ohio St.2d 41, 322 N.E.2d 629; Blanton v.Intl. Minerals and Chemical Corp. (1997), 125 Ohio App.3d 22,707 N.E.2d 960.
As to Dr. Knox, the record shows that she formulated a comprehensive treatment plan to improve the relationships between the family members. Each child and both of the parents were to have their own individual therapist, who would work collaboratively and coordinate with Dr. Knox. The plan contemplated that the individual therapists would not communicate directly with the court, so that the individual sessions would be private and would facilitate individual progress. Dr. Knox was supposed to be the "hub of the wheel" and communicate with each individual therapist and report to the court.
All parties were aware of this plan and did not object to it. In fact, Sharon's counsel questioned Dr. Knox about her communications with the other therapists. Additionally, Sharon did not object to numerous questions relating to Dr. Knox's communications with the individual therapists. Therefore, any errors up to that time were waived. StoresRealty, supra; Zachariah v. Rockwell Intl. (1998), 127 Ohio App.3d 298,712 N.E.2d 811; Farmer v. Farmer (Oct. 9, 1996), 1st Dist. Nos. C-950846 and C-950853.
Finally, very late in the proceedings, Sharon objected to a question put to Dr. Knox regarding her communications with another therapist. The trial court overruled the objection. An appellate court will not disturb a decision of the trial court to admit or exclude relevant evidence absent a clear and prejudicial abuse of discretion. Calderon v. Sharkey
(1982), 70 Ohio St.2d 218, 436 N.E.2d 1008; Fulwiler v. Schneider
(1995), 104 Ohio App.3d 398, 662 N.E.2d 82. Sharon can hardly claim that the admission of evidence regarding Knox's communications with the other therapists was prejudicial when she agreed to and proceeded under Dr. Knox's treatment plan for many months and when she failed to object to numerous other similar questions.
Finally, Sharon takes issue with the trial court's order that she pay her share of the therapists' outstanding bills. She contends that the trial court ignored evidence that Jack repeatedly failed to file secondary insurance claims, in violation of the court's previous order. Though there was some confusion, Jack testified that he had asked the therapists to submit the bills to the secondary insurance carrier, and, that, to the best of his knowledge, they had. The secondary insurer had refused to pay those claims, based upon the insurance contract. Consequently, both parties were required to pay their share of the therapists' outstanding fees. Under the circumstances, we cannot hold that the trial court's decision was so unreasonable, arbitrary or unconscionable as to connote and abuse of discretion. See Booth v. Booth
(1989), 44 Ohio St.3d 142, 541 N.E.2d 1028; Hewitt-Totten v. Holt (Dec. 20, 1996), 6th Dist. No. WD-95-112; Bearns-Lane v. Lane (Dec. 24, 1992), 10th Dist. No. 92AP-982. Accordingly, we overrule Sharon's second assignment of error, and we affirm the trial court's judgment.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Gorman, JJ.