DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Scioto County Common Pleas Court judgment, entered on a jury verdict, in favor of Marilyn K. Hammond, plaintiff below and appellee herein, on her claim against Laura J. Nichols, defendant below and appellant herein. The following error is assigned for review:
"The trial court erred by admitting into evidence, over the Defendant's objection, plaintiff's hospital record of A $6,781.05 Bill because that hospital record was neither Properly authenticated nor otherwise admissible under O.R.C. 2713.422."
 {¶ 2} On September 25, 1999, appellee's vehicle was rear-ended by appellant's vehicle. As a result of the collision, appellee sustained back and neck injuries.
 {¶ 3} Appellee commenced the instant action on August 31, 2001. She alleged that appellant negligently caused the accident and, as a result, she incurred medical bills, pain and suffering, and loss of income. Appellee asked for compensatory damages in excess of $25,000. Appellant admitted the accident, but denied any liability for appellee's injuries. The matter came on for trial over several days in February, 2003. At the conclusion of trial, the jury returned a verdict for appellee and awarded her $30,000 in damages. This appeal followed.[1]
 {¶ 4} Appellant's sole assignment of error involves the admission into evidence of a $6,781.05 hospital bill from the Southern Ohio Medical Center (SOMC) for physical therapy services provided to appellee from October 2002 to February 2003.[2] At trial, appellant objected as follows to the admission of that bill on grounds that it was not "properly authenticated":
"* * * I think that I am entitled to cross examine someone about this bill because there are numerous charges for any one given day. And I don't know, and some of it appears to be duplication and I have no reason to believe that its not. I mean on one day there is like four or five different entries and some of them would appear to be the same thing with the same exact charge. So, I would have wanted to speak to someone about the therapy. I understand that Dr. Provaznik recommended it, I mean proscribed it, but I just feel that I should be able to cross-examine someone on it. The other bills, most everybody has testified by way of witness testimony about them, but this one, this one troubles me."
Despite the objection, the trial court admitted the bill into evidence.
 {¶ 5} Appellant now asserts on appeal that the trial court erred because appellee did not satisfy R.C. 2317.422 as a condition precedent for its admission.[3] We disagree with appellant. As revealed in the above cited portion of the transcript, appellant did not cite this statute when she lodged her objection. See Evid.R. 103(A)(1).[4] Under that rule, a party's objection must specify the grounds for the objection unless the specific ground is apparent from the context. See generally,Zachariah v. Rockwell Internatl. (1998), 127 Ohio App.3d 298,712 N.E.2d 811, (employer's general objections raised during videotaped deposition of employee's expert were insufficient to preserve employer's right to challenge the expert's testimony on appeal); Amerifirst SavingsBank of Xenia v. Krug (1999), 136 Ohio App.3d 468, 733 N.E.2d 68, appeal not allowed 88 Ohio St.3d 1486, 727 N.E.2d 134, cause dismissed730 N.E.2d 384, dismissed, appeal not allowed 89 Ohio St.3d 1452,731 N.E.2d 1140, appeal not allowed 89 Ohio St.3d 1456, 731 N.E.2d 1142, appeal not allowed 90 Ohio St.3d 1407, 734 N.E.2d 836 (objection at trial on grounds other than hearsay did not preserve for appeal the issue of whether certain exhibits contained inadmissible hearsay). See, also,Grand Trunk Western R.R. v. Cothern (Mar. 17, 1995), Lucas App. No. L-93-112 (hearsay objection waived on appeal when basis for objection at trial was improper redirect). Any foundational deficiencies in the evidence could have been resolved at trial had appellant specifically brought this statute and this particular issue to the trial court's attention. Thus, appellant waived any error in that regard.[5] SeeGenesis Respiratory Services, Inc. v. Hall (1994), 99 Ohio App.3d 23,649 N.E.2d 1266. We note that issues not raised before the trial court should not be considered for the first time on appeal. Stores Realty Co.v. Cleveland (1975), 41 Ohio St.2d 41, 322 N.E.2d 629.
 {¶ 6} For these reasons, we find no merit in appellant's assignment of error and it is accordingly overruled. The judgment of the trial court is hereby affirmed.
Judgment affirmed.
Evans, P.J. Kline, J.: Concur in Judgment Opinion.
[1] The trial court filed an amended judgment on March 17, 2003 that specified the payment of court costs.
[2] The actual bill that was admitted into evidence was not included as part of the record on appeal. We therefore rely on the copy of that bill attached as an exhibit to appellant's brief.
[3] R.C. 2317.422 provides, inter alia, that copies of hospital records may be authenticated, without live testimony of the records custodian, if the custodian endorses on the record a "verified certification" identifying the record and stating that it was prepared in the usual course of business.
[4] Evid.R. 103 provides in pertinent part:
(A) Effect of erroneous ruling
Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and
(1) Objection. In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record stating the specific ground of objection, if the specific ground was not apparent from the context;
[5] We additionally note that insofar as authentication is concerned, the trial court issued a March 6, 2002 order and stated that [c]opies of medical and hospital records shall be furnished upon request and substituted for the originals, and are hereby admitted, subject to relevancy. Records clerks are not to be subpoenaed." (Emphasis added). Thus, pursuant to this order, no need arose to authenticate the hospital bill. Appellant did not assign as error the trial court's order and, thus, we need not discuss whether it was proper.