OPINION
{¶ 1} Dinah Clifton, appellant herein, appeals the judgment of the Union County Court of Common Pleas, Division of Domestic Relations, reallocating parental rights and naming appellee, Joseph Clifton, the residential parent of the parties' daughter, Cheyanne.
 {¶ 2} The parties were married May 14, 1993. The parties' divorce became final in 2001 at which time Dinah was named the primary residential parent of Cheyanne. Joseph was given parenting time according to the Union County Standard Visitation Guidelines.
 {¶ 3} In December 2001 Dinah was notified by her employer, ATT, that her department would be downsizing. After consulting with her union steward about her options, Dinah applied for a transfer within ATT to an office in Salt Lake City, Utah. Dinah received the transfer and was required to relocate on January 21, 2002.
 {¶ 4} On January 15, 2002, prior to Dinah's relocation to Utah, Joseph requested a change of custody and modification of child support in an attempt to keep Dinah from relocating with Cheyanne. On May 28, 2002, the magistrate granted Joseph's motion and named Joseph the residential parent of Cheyanne.
 {¶ 5} Dinah filed objections to the magistrate's decision with the Union County Court of Common Pleas on September 13, 2002. Her objections included the weight given to the evidence by the magistrate, the lack of time given to present the case, and the magistrate's failure to appoint a guardian ad litem. In response to these objections, the trial court appointed a guardian ad litem for Cheyanne and granted the parties additional time to present evidence.
 {¶ 6} A hearing was held before the trial court to present the additional evidence in November 2002. After the presentation of additional evidence, the trial court issued the decision which is the basis for this appeal. However, during the course of the proceedings, the trial court declined to take the additional evidence into consideration. In its judgment entry, the trial court stated, "[a] matter which was not before the magistrate at the time of the hearing should not be the basis for objections. * * * the statutory standard of review is to determine whether the decision is supported by evidence presented on the record." (Emphasis in original). The trial court then upheld the magistrate's decision, finding that it was supported by the evidence presented at the original hearing. The trial court held that Dinah would be interfering with Joseph's parental rights by moving to Utah and that the best interests of Cheyanne necessitated a reallocation of parental rights to Joseph. The trial court named Joseph the residential parent and terminated his child support obligation.
 {¶ 7} It is from this decision that appellant appeals, setting forth two assignments of error for our review. As the analysis and discussion of the appellant's two assignments of error will be substantially the same, they will be reviewed together.
 ASSIGNMENT OF ERROR NO. I The Court Of Common Pleas committed reversible error by finding thatthe Plaintiff interfered with the rights of the father,Defendant-Appellee.
 ASSIGNMENT OF ERROR NO. II The Court Of Common Pleas committed reversible error by failing to giveconsideration to the report of the Guardian Ad Litem and the wishes ofthe minor child.
 {¶ 8} When ruling on objections to a magistrate's decision, the trial court may "adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter." Civ.R. 53(4)(b). The trial court has the "ultimate authority and responsibility over the magistrate's findings and rulings." Hartt v. Munobe (1993), 67 Ohio St.3d 3, 5. Accordingly, it decides "whether the magistrate has properly determined the factual issues and appropriately applied the law, and, where the magistrate has failed to do so, the trial court must substitute its judgment for that of the magistrate." Inman v. Inman (1995), 101 Ohio App.3d 115, 118.
 {¶ 9} Before a trial court can reallocate parental rights and responsibilities, R.C. 3109.04 requires the court to first find that a change in the circumstances of the child, the residential parent, or either of the parents has occurred since the time of the prior decree.Patton v. Patton (2001), 141 Ohio App.3d 691, 693. If a change in circumstances has occurred, the court shall retain the residential parent designated by the prior decree unless a modification is in the best interests of the child. R.C. 3109.04(E)(1)(a).
 {¶ 10} In the case sub judice, the trial court first found that Dinah had willfully interfered with Joseph's visitation by relocating Cheyanne to Utah and deemed the relocation to be a "change in circumstance," which had "a material and adverse effect upon Cheyanne * * *." After determining that Dinah's interference with Joseph's visitation established a change in circumstances, the court, in determining whether to modify custody, was then required to consider the best interests of Cheyanne.
 {¶ 11} In determining the best interests of a child, the trial court must consider the statutory factors listed in R.C.3109.04(F)(1)(a)-(j). The factors relevant to the case before us include the wishes of the child's parents regarding her care; the child's relationship with her parents; the child's adjustment to her home, school, and community; which parent is more likely to honor and facilitate visitation rights; whether either parent has failed to make all required child support payments; whether the residential parent has willfully denied the other parent's right to parenting time in accordance with an order of the court; and whether either parent has established a residence, or is planning to establish a residence, outside Ohio.
 {¶ 12} Upon consideration of these factors, the trial court concluded that it would be in Cheyanne's best interest for Joseph to be the residential parent and legal custodian. The trial court based its decision on the following findings: prior to the move, Cheyanne was well-adjusted to her life in Ohio; although Dinah claimed her move to Utah was out of financial necessity, several other ATT offices in Ohio remained open; the move did not result in financial gain for Dinah; Dinah relocated to Utah in an attempt to "hide" Cheyanne from Joseph; Dinah's boyfriend, Adam West, had lived in six states in the last ten years and could relocate in the future with Dinah and Cheyanne; Dinah had limited and/or effectively eliminated Joseph's visitation by failing to provide an accurate residential address and telephone number upon her relocation and by enrolling Cheyanne in a school in Utah that has a year-round schedule; and Dinah would not be likely to facilitate visitation in the future.
 {¶ 13} Despite this analysis by the trial court, appellant argues that the trial court abused its discretion by granting the parties additional time to present evidence and then refusing to consider the additional evidence as not properly before the magistrate. Appellant maintains that had the additional evidence been considered, the trial court would have found that a reallocation of parental rights to Joseph would not have been in the best interest of Cheyanne.
 {¶ 14} We review the trial court's allocation of parental rights and responsibilities under an abuse of discretion standard. Miller v.Miller (1988), 37 Ohio St.3d 71, 74. An abuse of discretion is more than legal error; it indicates an attitude on the part of the trial court that is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. Where an allocation of parental rights and responsibilities is supported by a "substantial amount of credible and competent evidence" the decision will not be reversed. Davis v.Flickinger (1997), 77 Ohio St.3d 415, 418, quoting Bechtol v. Bechtol
(1990), 49 Ohio St.3d 21, syllabus.
 {¶ 15} Among the additional evidence presented, but not considered by the trial court was testimony from Dinah's union steward, a representative from the Child Support Enforcement Agency (hereinafter "CSEA"), and the report of the guardian ad litem. The union steward testified that Dinah had no seniority at ATT, the office where she worked in Ohio had closed and that there was little opportunity of transferring to another office in Ohio due to the job Dinah held prior to her move to Utah and the current job market. The representative from the CSEA testified that the address and telephone number Dinah provided to the agency was sufficient upon her relocation.
 {¶ 16} The guardian ad litem's report, which is included as part of the record for our review, indicated that Cheyanne wished to continue to live with her mother in Utah and that she had adjusted well to her new environment. The report also indicated that with the breaks associated with Cheyanne's year-round school schedule, Joseph would get nearly three weeks of visitation every nine weeks, for a total of fourteen weeks of visitation per year. This would be more visitation than Joseph was allowed when both parties were living in Ohio. The guardian ad litem report also stated that Cheyanne and Joseph speak on the phone twice a week and exchange email regularly. The report further indicated that Joseph's house had been in foreclosure and that he had been looking for houses to rent, though he did not know where or when he would be moving.
 {¶ 17} We find that allowing the parties to present additional evidence, but failing to consider it when reviewing the magistrate's decision, was unreasonable and constituted an abuse of discretion. From our review of the record, it appears that the additional evidence submitted, but not considered by the trial court, may not support the magistrate's finding that Dinah's relocation was for the purposes of interfering with Joseph's visitation. Likewise, it appears that it may not support the finding that the move to Utah was detrimental to Cheyanne. When ruling on objections to a magistrate's decision, the court may "adopt, reject, or modify the magistrate's decision, hear additionalevidence, recommit the matter to the magistrate with instructions, or hear the matter." Civ.R. 53(4)(b). Emphasis added. We find that the trial court failed to properly dispose of the parties' objections to the magistrate's decision. The trial court erred in limiting review only to the evidence presented to the magistrate, rather than ruling on the objections in light of all of the evidence presented.
 {¶ 18} We make no determination, however, of whether the additional evidence dictates an alternative outcome relative to a finding of a change in circumstance or proper custody. However, our decision requires the court to take into consideration such evidence in resolving the case.
 {¶ 19} Accordingly, appellant's first and second assignments of error are sustained.
 {¶ 20} Having found error prejudicial to appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
Judgment reversed.
BRYANT, P.J., and WALTERS, J., concur.