[Cite as *In re L.A.*, 2018-Ohio-3219.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

IN RE:

      L.A.,

A MINOR CHILD.

[KELLY BROOKES - APPELLANT]

CASE NO. 13-18-12

**O P I N I O N**

Appeal from Seneca County Common Pleas Court
Juvenile Division
Trial Court No. 21650015

**Judgment Affirmed**

Date of Decision:    August 13, 2018

APPEARANCES:

    *Gene P. Murray* **for Appellant**

    *Emily P. Beckley* **for Appellee**

**ZIMMERMAN, J.**

{¶1} Appellant Kelly Brookes ("Kelly") brings this appeal from the February 21, 2018 judgment entry of the Seneca County Common Pleas Court, Juvenile Division, denying her request for grandparent visitation.

***Facts and Procedural History***

{¶2} L.A., born April, 2016, is the son of Andrew Althaus ("Andrew") and Paige Brookes ("Paige"). Andrew and Paige were never married. Kelly is the maternal grandmother of L.A. and Jamie Althaus, nka Jamie Walton ("Jamie") is the paternal aunt of L.A.

{¶3} On April 14, 2016, Seneca County Department of Job and Family Services filed a complaint in the Seneca County Juvenile Court alleging L.A. to be a dependent child. (Doc. 1). On May 26, 2016, the trial court placed L.A. into the temporary custody of Paige and issued a no contact order between Paige and Andrew. However, due to Paige and Andrew's violation of the no contact order, the trial court rescinded its temporary custody order (of L.A. to Paige) and placed L.A. into the temporary custody of Jaime at L.A.'s June 27, 2016 dispositional hearing. (Doc. 31).

{¶4} On March 2, 2017, Jamie filed a motion in the trial court for legal custody of L.A. (Doc. 73). Ultimately, on May 15, 2017, the trial court approved an agreement between Jamie and L.A.'s parents that granted Jamie legal custody of

L.A. Under the agreement, Andrew and Paige (separately) were granted supervised visitation with L.A. to be held at the Patchworks House. (Doc. 119).

**{¶5}** On July 7, 2017, Kelly filed the following pleadings in the trial court: Motion to Intervene; Motion for Temporary Visitation Order; Motion for Temporary Custody Orders and Request for Hearing; Complaint for Reasonable Companionship and Visitation Rights; and Complaint for Custody. At the hearing on the motions, held August 30, 2017, the magistrate dismissed Kelly's motion for legal custody and denied her Motion to Intervene. (Doc. 139). Kelly's remaining Motion (for Temporary Visitation) was thereafter heard by the magistrate and denied on December 4, 2017. (Doc. 159).

**{¶6}** On December 4, 2017, the magistrate filed its decision with the trial court and Kelly timely filed objections. On February 21, 2018, the trial court overruled the objections to the magistrate's decision, determining that the objections were an "attempt to claim the Magistrate held a 'collective bias or prejudice'" and finding that Kelly made "no specific allegation that the Magistrate did not comport with his application of law, and there has been no particularized objection" and therefore adopted the magistrate's findings and recommendations. (Doc. 166).

**{¶7}** Kelly filed her notice of appeal on March 23, 2018, raising the following assignment of error for our review.

## ASSIGNMENT OF ERROR

**The trial court abused its discretion by adopting the Magistrate's Decision as its own, to deny the Movant-Appellant Maternal Grandmother's motion for reasonable companionship and visitation with the minor child, L.A., D.O.B. 4/13/16, as the transcript of the hearing before the Magistrate, on the issue of the said appellant's motion for reasonable companionship and visitation rights, is reflective and replete with evidence and indicia that said trial court had pre-determined the outcome against the Movant Grandmother by repeated expressions of a pervasive tone against the Movant-Appellant Grandmother that was blatantly and patently obvious from the proverbial get-go of the hearing, as to what the outcome would be, and indeed, was, thereby resulting from and in an overriding unfairness that was so predictably palpable against the Movant-Appellant, and accordingly resulted in reversible error.**

{¶8} We interpret Kelly's sole assignment of error to be that the trial court abused its discretion by adopting the Magistrate's Decision, claiming the trial court had a pre-determined outcome as an allegation that the trial court exerted judicial bias in its decision. For the reasons that follow, we overrule Kelly's assignment of error.

### Standard of Review

{¶9} R.C. 3109.12(B) provides that a trial court may grant reasonable visitation rights to grandparent if the court determines that such visitation is in the child's best interest. "The trial court has discretion as to visitation issues, and its decision will not be reversed absent an abuse of discretion, such that the decision is unreasonable, arbitrary or unconscionable." *In re S.K.G.*, 12th Dist. Clermont No.

CA 2008-11-105, 2009-Ohio-4673, ¶21, *Anderson v. Anderson*, 147 Ohio App.3d 513, 2002-Ohio-1156, ¶18. "An abuse of discretion suggest the trial court's decision is unreasonable or unconscionable." *Brammer v. Meachem*, 3d Dist. Marion No. 9-10-43, 2010-Ohio-519, ¶14, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When determining whether to grant visitation rights to a grandparent, the trial court is required to consider the factors listed in division (D) of section 3109.051 of the Revised Code.

*Analysis*

**{¶10}** Kelly argues that the trial court erred by adopting the magistrate's decision because the magistrate "had pre-determined the outcome against Movant Grandmother by repeated expressions of a pervasive tone and against the Movant – Appellant Grandmother that was blatantly and patently obvious from the proverbial get-go of the hearing, as to what the outcome would be, and indeed, was thereby resulting from and in an overriding unfairness that was so predictably palpable against the Movant-Appellant, and accordingly resulted in reversible error". We disagree.

**{¶11}** In support of Kelly's poorly worded assignment of error, we are directed to the following portions of the transcript:

- Kelly's testimony, page 14, line 23 through page 15, line 2;
- Relevancy objection, page 15, line 8 through page 16, line 4;
- Credibility objection, page 47, line 19 through page 48, line 2;

- Testimony of Jamie, page 59, line 3 through line 16; page 62 line 25 through page 63, line 10; and page 64, line 14 through page 65, line 8

**{¶12}** In essence, Kelly contends the Magistrate expressed bias (towards her) by overruling a relevancy objection (Tr. Pg. 48), by determining L.A.'s mother (Paige) not to be credible (*see generally*, Tr. Pg. 14-16 and 64-65) by overruling an objection for leading a witness (Tr. Pg. 59) and by commenting upon the facial gestures of Kelly (Tr. Pg. 62-63). In our review, we find no bias.

**{¶13}** When ruling on objections to a magistrate's decision, the trial court may "adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter". Civ.R. 53(D)(4)(b). The trial court has the "ultimate authority and responsibility over the magistrate's findings and rulings". *Clifton v. Clifton*, 3d Dist. Union No. 14-03-07, 2003-Ohio-6993, ¶8, quoting *Hartt v. Munobe*, 67 Ohio St.3d 3, 5 (1993). Accordingly, it decides "whether the magistrate has properly determined the factual issues and appropriately applied the law, and where the magistrate has failed to do so, the trial court must substitute its judgment for that of the magistrate". *Inman v. Inman*, 101 Ohio App.3d 115, 118 (1995).

**{¶14}** In determining the credibility of a witness, the general rule of law is that "[t]he choice between credible witnesses and their conflicting testimony rests solely with the finder of fact and an appellate court may not substitute its own

judgment for that of the finder of fact". *Columbus v. Hawkins*, 10th Dist. Franklin No. 10AP-1150, quoting *State v. Awan*, 22 Ohio St.3d 120, 123 (1986). Indeed, the fact finder is free to believe all, part, or none of the testimony of each witness appearing before it. *Id*., citing *Hill v. Briggs*, 111 Ohio App.3d 405, 412. If evidence is susceptible to more than one construction, reviewing courts must give it the interpretation that is consistent with the verdict and judgment. *Id*., citing *White v. Euclid Square Mall*, 107 Ohio App.3d 536, 539. Mere disagreement over the credibility of witnesses is not sufficient reason to reserve a judgment. *Id*., citing *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202.

{**¶15**} In our review of the record, Kelly has failed to substantiate that the trial court's adoption of the magistrate's decision was "unreasonable or unconscionable". The trial court undertook its independent review of the magistrate's decision as required by the Juvenile and Civil Rules and R.C. sections 3109.12 and 3909.051. Specifically, in its independent review, the trial court stated:

> **"Based upon the record provided, the Court determines that after independent consideration of all of the factors mandated by ORC 3109.12 and ORC 3109.051 (D), and after giving special weight to wishes and concerns of Jamie Althaus as Legal Custodian, the Court finds that as custodian she is in control of the child, and should have the right to determine when the child can visit, or be visited by, maternal grandparent. Indeed, as was determined by the Third District Court of Appeals, any contrary conclusion would exceed this Court's authority where a child has not been abandoned, or where child has not been living with the grandparent. See: *Shriver v. Shriver* (1966), 7 Ohio App. 2nd 169 [sic]."**

{¶16} Accordingly, we find that the trial court's independent review was properly based upon competent and credible evidence set forth in the record. Moreover, Kelly has not connected how the overruling of three objections and the determination of credibility by the magistrate constituted bias. We find rulings on objections and determinations of credibility[1] to be within the sound discretion of the trier of fact. As such, we overrule Kelly's sole assignment of error.

{¶17} Having found no error prejudicial to the appellant herein in the particulars assigned, we affirm the judgment of the trial court.

***Judgment Affirmed***

**SHAW and PRESTON, J.J., concur.**

**/jlr**

---

[1] Including facial gestures of a witness or party.