[Cite as *State ex rel. Hemphill v. Ohio State Emp. Relations Bd.*, 2022-Ohio-2299.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. Traci Hemphill,                          :

        Relator-Appellant,                          :

v.                                                                 :                          No. 21AP-469
                                                                                                 (C.P.C. No. 21CV-1035)
Ohio State Employment Relations Board,          :

        Respondent-Appellee.                   :                          (REGULAR CALENDAR)

---

D E C I S I O N

Rendered on June 30, 2022

---

**On brief:** *Percy Squire, Co., L.L.C.*, and *Percy Squire*, for appellant. **Argued:** *Percy Squire*.

**On brief:** *Dave Yost*, Attorney General, and *Sherry M. Phillips*, for respondent. **Argued:** *Sherry M. Phillips*.

---

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Relator-appellant, Traci Hemphill, appeals from a judgment of the Franklin County Court of Common Pleas denying appellant's petition for a writ of mandamus and granting judgment in favor of respondent-appellee, Ohio State Employment Relations Board ("SERB"). Because appellant's unfair labor practice charge was untimely and because SERB did not abuse its discretion in dismissing the charge for lack of probable cause, we affirm.

**Facts and Procedural History**

{¶ 2}   Appellant was a case manager for the Mahoning County Ohio Department of Job and Family Services ("MCDJFS"). On November 17, 2016, appellant was removed from her position for allegedly violating a MCDJFS policy. On November 22, 2016, appellant's union filed a grievance with MCDJFS requesting that appellant be reinstated with full backpay and benefits. MCDJFS denied the grievance on January 24, 2017.

{¶ 3}   Following the denial of her grievance, appellant sought to arbitrate her grievance through her union and/or through private counsel. The record is unclear whether the request for arbitration was initially made by the union, by private counsel on behalf of the union, or by private counsel on behalf of appellant. Ultimately, an arbitrator was selected and the arbitration was scheduled for September 28, 2018. Prior to the scheduled arbitration date, appellant alleged MCDJFS threatened that, if she persisted in her effort to regain her employment, it would "attempt to cause [appellant] to be indicted for certain past unrelated alleged conduct." (Appellant's Verified Petition at ¶ 14.) Appellant further alleged that due to the threat of criminal prosecution and the risk of self-incrimination, appellant's counsel "requested that the arbitration be stayed pending resolution of any potential criminal allegations against [appellant]." *Id*. at ¶ 15. Following the request to stay the arbitration, the arbitrator withdrew from the proceedings. *Id*. at ¶ 16.

{¶ 4}   On May 9, 2019, appellant filed an unfair labor practice ("ULP") charge with SERB alleging that MCDJFS "embarked upon a continuing course of conduct to intimidate and coerce [appellant] into discontinuing grievance procedures * * * by threatening criminal prosecution if she did not cease her reemployment efforts" in violation of R.C. 4117.11(A)(5). (Ex. E to Verified Petition.) An investigator for SERB requested appellant provide all documentation supporting her position. The investigator made a similar request to MCDJFS. MCDJFS responded with documents and statements. Appellant did not respond. On October 10, 2019, SERB entered an order dismissing with prejudice appellant's ULP charge for lack of probable cause. However, SERB's order states that appellant's grievance is still pending. (Verified Petition at ¶ 18.)

{¶ 5}   In December 2019, appellant's union delivered a step five grievance status sheet to MCDJFS that identified appellant's grievance as withdrawn. On February 18,

2020, MCDJFS informed appellant's counsel that the union had withdrawn appellant's grievance and, accordingly, it would not reschedule appellant's grievance for arbitration. Ninety-three days later, on May 20, 2020, appellant filed a second ULP charge with SERB that alleged the same conduct previously alleged in her first ULP charge, but stating additionally that her grievance was no longer pending and that MCDJFS "continued to retaliate against [appellant] and refused to schedule arbitration." (Verified Petition at ¶ 19 and Ex. G.) On May 27, 2020, the SERB investigator requested that appellant provide all information and documentation supporting her position. In response, appellant submitted the following statement:

> This is refiling [sic] of a previous charge based upon the failure of Mahoning County Department of Job & Family Services to operate in good faith within the meaning of R.C. 4117.11(A)(5). The Board determined on October 10, 2019 that the charge would be dismissed, among other reasons, because the relevant grievance was "still pending." See, Case NO. 2019-ULP-05-0098, Exhibit A.
>
> Upon request of the Charging Party to resume the grievance procedure, the Employer then denied that the grievance was still pending. See, Email Chain at Exhibit B.
>
> The Charging Party now requests relief based upon the refusal of the Employer to resume the grievance process.

(SERB Record of Proceedings at 114.)

{¶ 6} Other than a copy of SERB's order dismissing the previous ULP charge and essentially the same e-mail chain attached to the ULP charge, appellant provided no other documentation or argument in support of the charge.

{¶ 7} MCDJFS responded to the SERB investigator's request for information by providing a June 4, 2020 letter in which the union confirmed that it had withdrawn appellant's grievance, stating:

> In regards to our previous conversation regarding Ms. Hemphill, I have spoken with Debbie Bindas, Regional Director for AFSCME Council 8 for clarification. Grievances and the grievance process belongs to the local union and council 8. No individual member has any rights to pursue a grievance outside of the process outlined in the cba. However, she states if an individual wishes to pursue further legal action

with private representation they are free to do that. AFSCME local 2001 and Council 8 are not parties to any arbitration/litigation pursued by Ms. Hemphill or her attorney. Local 2001 and Council 8 have given Ms. Hemphill fair representation through the grievance procedure and have collectively decided not to advance the grievance to arbitration. Let me know if there is anything else needed.

(Ex. I to Union's June 4, 2020 Response to SERB Investigator's Request for Information.)

{¶ 8} On August 13, 2020, SERB dismissed appellant's ULP charge for lack of probable cause and because the charge was not timely filed. (Ex. A, Verified Petition)

{¶ 9} Appellant filed a verified petition for a writ of mandamus on February 18, 2021. SERB's dismissal of appellant's second ULP charge (May 20, 2020) is the subject of appellant's petition for mandamus. At the request of the parties, the trial court decided the case based solely on the parties' briefs. In a decision and entry filed September 2, 2021, the trial court denied appellant's petition for a writ of mandamus.

{¶ 10} Appellant appeals, assigning the following error:

> The Court of Common Pleas erred when it denied [Appellant's] request for a Writ of Mandamus.

## Legal Analysis

{¶ 11} R.C. 4117.12(B) requires SERB to issue a complaint and conduct a hearing on a ULP charge if, following an investigation, it has probable cause to believe that a violation has occurred. *State ex rel. Portage Lakes Edn. Assn., OEA/NEA v. State Emp. Relations Bd.*, 95 Ohio St.3d 533, 2002-Ohio-2839, ¶ 33. A probable-cause determination by SERB considers whether there is reasonable cause to believe that a violation occurred. *Id.* at ¶ 37. Probable-cause determinations by SERB under R.C. 4117.12(B) are not reviewable by direct appeal. *Id.* at ¶ 35, citing *Ohio Assn. of Pub. School Emps. Chapter 643, AFSCME/AFL-CIO v. Dayton City School Dist. Bd. of Edn.*, 59 Ohio St.3d 159 (1991), syllabus. An action in mandamus is the appropriate remedy to obtain judicial review of SERB orders dismissing ULP charges for lack of probable cause. *State ex rel. Serv. Emps. Internatl. Union, Dist. 925 v. State Emp. Relations Bd.*, 81 Ohio St.3d 173 (1998), syllabus.

{¶ 12} In order to demonstrate entitlement to a writ of mandamus, the petitioner must show a clear legal right to the relief prayed for, a clear legal duty of the respondent to

perform the act requested, and the absence of a plain and adequate remedy in the ordinary course of the law. *State ex rel. Professionals Guild of Ohio v. State Emp. Relations Bd.*, 10th Dist. No. 08AP-417, 2009-Ohio-2155, ¶ 4, citing *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983). A writ of mandamus will issue to correct an abuse of discretion by SERB to dismiss unfair labor practice charges. *Portage Lakes* at ¶ 35; *State ex rel. Leigh v. State Emp. Relations Bd.*, 76 Ohio St.3d 143, 145 (1996). An abuse of discretion means an unreasonable, arbitrary, or unconscionable decision. *Portage Lakes* at ¶ 35, citing *State ex rel. Elsass v. Shelby Cty. Bd. of Commrs.*, 92 Ohio St.3d 529, 533 (2001). Because mandamus proceedings are premised upon the petitioner establishing an abuse of discretion by SERB in its probable-cause determination, courts should not substitute their judgment for that determination. *Id.* at ¶ 41.

**{¶ 13}** Here, appellant contends in her sole assignment of error that the trial court erred by finding that SERB did not abuse its discretion in dismissing appellant's ULP charge. Appellant argues that SERB abused its discretion in determining that her ULP charge was untimely and not supported by probable cause. We disagree.

**{¶ 14}** R.C. 4117.12(B) governs the filing of ULP charges with SERB and provides:

> When anyone files a charge with the board alleging that an unfair labor practice has been committed, the board or its designated agent shall investigate the charge. If the board has probable cause for believing that a violation has occurred, the board shall issue a complaint and shall conduct a hearing concerning the charge. * * * *The board may not issue a notice of hearing based upon any unfair labor practice occurring more than ninety days prior to the filing of the charge with the board.*

(Emphasis added.)

**{¶ 15}** "By enacting a ninety-day statute of limitations, the General Assembly intended employees to seek redress for unfair labor practices promptly." *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 184 (1997). "The ninety-day time period does not commence until the charging party knew or should have known of the conduct which constituted the improper conduct and actual damage ensued." *Id.* SERB does not abuse its discretion if it dismisses a ULP charge filed after the 90-day limitations

period has expired. *Id.*; *State ex rel. Tritt v. State Emp. Relations Bd.*, 97 Ohio St.3d 280, 2002-Ohio-6437, ¶ 18.

{¶ 16} Appellant's ULP charge is premised on MCDJFS' refusal to arbitrate her grievance in violation of R.C. 4117.11(A)(5). (Appellant's Brief at 19.) The record reflects that appellant's counsel received notice by e-mail on February 18, 2020, that MCDJFS would not reschedule appellant's grievance for arbitration because her union had withdrawn the grievance. Therefore, appellant had to file her ULP charge by May 17, 2020. Appellant filed her ULP charge with SERB on May 20, 2020. Because appellant did not file her ULP charge until after the 90-day limitations period had expired, SERB dismissed the charge as untimely.

{¶ 17} Appellant argues that MCDJFS' refusal to arbitrate is continuing and, therefore, the 90-day limitations period does not apply. (Appellant's Brief at 14.) We disagree. Appellant cites no legal authority supporting her argument and to accept her argument would eviscerate the 90-day limitations period. Because appellant filed her ULP charge after the 90-day limitations period expired, SERB did not abuse its discretion in dismissing it as untimely. *Grady*.[1]

{¶ 18} In addition, even if appellant had timely filed her ULP charge, appellant failed to provide SERB with any documentation, information, or evidence that disputed the evidence and information MCDJFS provided to SERB. The evidence and information that MCDJFS provided (reflected in letters and e-mails between union representatives and representatives of MCDJFS) indicated that appellant's union withdrew her grievance and elected not to arbitrate her case. Given this undisputed information, SERB did not abuse its discretion in also dismissing appellant's ULP charge for lack of probable cause.

---

[1] In oral argument, appellant's counsel newly argued that MCDJFS' ongoing threat to refer the results of its investigation of appellant's conduct to law enforcement if appellant persisted in her request for arbitration was continuing conduct and, therefore, her ULP charge should not have been dismissed as untimely. However, that allegation, even if true, might be a violation of R.C. 4117.11(A)(1) (it is an unfair practice for a public employer to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in Chapter 4117 of the Revised Code). Appellant did not assert a charge based on R.C. 4117.11(A)(1). Consequently, MCDJFS' alleged continuing threats to refer the results of its investigation to law enforcement is not relevant to appellant's R.C. 4117.11(A)(5) charge. Nor does this alleged conduct demonstrate that SERB abused its discretion in dismissing appellant's R.C. 4117.11(A)(5) charge as untimely.

{¶ 19} In her briefs to the trial court and to this court, appellant references several documents (particularly exhibit C to the verified petition) in arguing that (1) her grievance had not been withdrawn; or (2) the grievance had been assigned to appellant by her union; or (3) she detrimentally relied on the union's promise to allow her to arbitrate her grievance through her private attorney. However, appellant did not provide this document in support of her R.C. 4117.11(A)(5) charge to SERB despite the requests for information by SERB's investigator. Nor did appellant assert these arguments in the statement she provided in response to SERB's request for information. "It is axiomatic that SERB could not abuse its discretion based on evidence that was not properly before the board when it made its decision. Consequently, the review of a SERB decision is generally limited to the facts as they existed at the time SERB made its decision." *Portage Lakes*, 95 Ohio St.3d 533, 2002-Ohio-2839, at ¶ 55. A reviewing court should not consider evidence or arguments not previously presented to SERB. *State ex rel. Hall v. State Emp. Relations Bd.*, 122 Ohio St.3d 528, 2009-Ohio-3603, ¶ 33.

{¶ 20} Given the undisputed information MCDJFS provided to SERB demonstrating that appellant's union had withdrawn her grievance and no longer sought arbitration, SERB did not abuse its discretion in dismissing appellant's ULP charge for lack of probable cause and as untimely.

{¶ 21} For the foregoing reasons, we overrule appellant's sole assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

SADLER and BEATTY BLUNT, JJ., concur.

_____